**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Danielle P. Light, Esq.
*Counsel for Plaintiff Green Mountain Holdings (Cayman) Ltd.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,     Case No.:

**COMPLAINT**

Plaintiff,

-against -

LA HACIENDA BUFEIS LLC; MARIA SIMON; HARRY SIMON; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

Defendants.
---------------------------------------------------------------------X

Plaintiff, Green Mountain Holdings (Cayman) Ltd. ("Green Mountain" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

**NATURE OF THE ACTION**

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 41-63 55th Street Woodside, New York 11377, known on the Queens County Tax Map as Block 1325 Lot 21 in the County of Queens and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. Green Mountain Holdings (Cayman) Ltd. ("Green Mountain" of "Plaintiff") is a corporation organized under the laws of the Cayman Islands with a principal place of business in Miami, Florida.

3. La Hacienda Bufeis LLC ("La Hacienda"), upon information and belief, is a limited liability company organized under the law of the State of New York with a principal place of business at 56-17 Roosevelt Avenue, Flushing, New York 11377. La Hacienda is a necessary party defendant to this action because it is the owner of the record of the Property and the obligor under the terms of the Note.

4. La Hacienda's sole member Maria Simon ("Maria") is an individual who is a citizen of the State of New York. Maria, upon information and belief has an address of 56-17 Roosevelt Avenue, Flushing, NY 11377. Maria is a necessary party to this action because she is a personal guarantor under the Note.

5. Harry Simon ("Harry") is an individual who is a citizen of the State of New York. Harry is an individual who is a citizen of the State of New York. Harry, upon information and belief has an address of 56-17 Roosevelt Avenue, Flushing, NY 11377. Harry is a necessary party to this action because he is a personal guarantor under the Note.

6. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

7. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

**JURISDICTION AND VENUE**

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

**AS AND FOR A FIRST CAUSE OF ACTION**

10. On or about May 24, 2019, as evidence of a loan in the amount of $450,000.00 (the "Loan"), La Hacienda executed and delivered to M&M Private Lending Group ("M&M") a note dated May 24, 2019 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**. Pursuant to the terms of the Note, La Hacienda promised to pay M&M, or the subsequent holder of the Note the principal sum of $450,000.00 ("Lender"). *See* **Exhibit B**.

11. In order to collaterally secure the aforesaid Loan, La Hacienda, on the same day, duly executed, acknowledged and delivered a mortgage to M&M (the "Mortgage"). A copy of the recorded Mortgage is annexed hereto as **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**.

12. On or about May 24, 2019, Maria and Harry executed the Note individually as personal guarantors for the Loan. (Maria and Harry shall be collectively referred to as the "Guarantors"). *See* **Exhibit B**.

13. Pursuant to the Mortgage, in any lawsuit for foreclosure, M&M or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed

by the applicable law and will have the right to add all reasonable attorneys' fees to the amount La Hacienda owes Lender which fees shall become part of the sums secured. *See id*.

14. Green Mountain is the current owner of the Note by virtue of its physical possession of the wet-ink Note. Therefore, Green Mountain is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

15. La Hacienda defaulted under the terms of the Note and Mortgage for the payment due on April 1, 2020 (the "Default"). *See* **Exhibits B** and **C**.

16. The Guarantors also defaulted under the terms of the Note for the payment due on April 1, 2020. *See* **Exhibit B**.

17. On December 18, 2020, Green Mountain complied with the contractual provisions in the Note and Mortgage by mailing a 30 Day Notice (the "Default Notice") to La Hacienda advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit D** is a copy of the Default Notice.

18. Under the terms and conditions of the Note and Mortgage, the total principal balance plus all other fees and charges that may apply pursuant to the Mortgage is approximately $518,668.04. A copy of the current payoff of the Loan is annexed hereto as **Exhibit E**.

19. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

20. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

21. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

22. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly

5

applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law;

b) On all causes of action together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: February 3, 2021
New York, New York

By: */s/ Danielle P. Light*
Danielle P. Light, Esq.
*Attorneys for Plaintiff Green Mountain Holdings (Cayman) Ltd.*
450 Seventh Avenue, Ste 1408
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677