UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,<br><br>                                   Plaintiff,<br><br>       -*against*-<br><br>LA HACIENDA BUFEIS LLC; MARIA SIMON; HARRY SIMON; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,<br>                             Defendant. | Case No.<br>21-cv-00574-ENV-RLM<br><br><br>DECLARATION OF DOMINICK J. CALLEGARI IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

DOMINICK J. CALLEGARI, ESQ. pursuant to 28 U.S.C. § 1746, declares and says as follows:

1.     I am the attorney for La Hacienda Bufeis LLC, Maria Simon, and Harry Simony ("Defendants") in the above-referenced action.

2.     I make this Declaration upon my personal knowledge, including but not limited to my conversations with Defendants, my review of their file maintained by my office, and review of publicly available records and documents.

3.     This Declaration is submitted in opposition to the Motion for Summary Judgment deemed served by Green Mountain Holdings (Cayman) LTD. on August 1, 2022.

4.     Plaintiff commenced this action by filing a complaint on February 3, 2021. A copy of the docket for this case is attached hereto as **Exhibit "A."**

5.     On February 4, 2021, Plaintiff's counsel was advised to refer to "Attorney Case Opening Video Tutorial/Manual before filing another case electronically" due to the number of errors made when filing the case. *See* docket entry dated February 4, 2021, on **Exhibit A**.

6.    On February 24, 2021, defendants La Hacienda Bufeis LLC, Harry Simon, and Maria Simon filed an answer. A copy of the answer is annexed hereto as **Exhibit "B."**

7.    On February 25, 2021, the Court issued a scheduling order and directed that a telephonic initial conference would be held on April 7, 2021. *See* **ECF Doc No. 13** on **Exhibit A**.

8.    Prior to the conference, Plaintiff rushed to file a "First" motion to appoint a receiver of rents on March, 24, 2021. *See* **ECF Doc No.** 14, 15, 16, and 17 on **Exhibit A**.

9.    Defendants opposed the motion to appoint a receiver of rents. *See* **ECF Doc No. 19, 20** and **21** on **Exhibit A**.

10.    The parties were instructed to informally exchange information about factual and legal disputes presented in Plaintiff's motion for a receiver of rents and to file a status report by May 7, 2021, and to propose a date for the filing of Plaintiff's reply brief. *See* **ECF Doc No. 22** on Exhibit A.

11.    On May 26, 2021, Magistrate Judge Mann deemed Plaintiff's motion for a receiver of rents withdrawn due, in part, to Plaintiff's failure to comply with the Court's May 7, 2021 Order to propose a date for the filing of Plaintiff's reply brief. *See* STATUS REPORT ORDER dated May 26, 2021, on **Exhibit A**.

12.    The parties were directed to confer regarding a discovery schedule. *See* docket entry dated June 16, 2021.

13.    The parties jointly requested an extension of time to submit a discovery schedule, which Plaintiff submitted on June 21, 2021. *See* **ECF Doc No. 25** on Exhibit A.

14.    Magistrate Judge Mann granted the request and reminded the Plaintiff that her Individual Rules require all requests for judicial action to be docketed as ECF motion events. *See* Order dated June 22, 2021, on **Exhibit A**.

15. Plaintiff filed a proposed discovery schedule on June 25, 2021. *See* **ECF Doc No. 26** on **Exhibit A**.

16. The Court adopted the proposed discovery schedule. *See* Order dated June 25, 2021, on **Exhibit A**.

17. Defendant's prior counsel moved to withdraw as their attorney on July 14, 2021. *See* **ECF Doc No. 27** and **28**.

18. The Court initially deferred decision, but ultimately granted prior counsel's motion to be relieved as counsel. *See* Order dated August 3, 2021.

19. Plaintiff was ordered to confer with the pro se defendants and "file a joint letter-motion (*docketed as an ECF motion event*) proposing a discovery schedule" and to promptly serve a copy of the order on the pro se defendants and to "file proof of service." *See* Order dated September 21, 2021, on **Exhibit A**.

20. Plaintiff did not file proof of service of the copy of the September 21, 2021 Order. *See* **Exhibit A**.

21. Plaintiff did not file a proposed discovery schedule, and instead filed a letter motion requesting a hearing on Defendants' COVID-19 hardships on October 1, 2021. *See* **ECF Doc No. 31** on Exhibit A.

22. The Court denied the motion for a hardship hearing without prejudice. A copy of the Memorandum and Order is annexed hereto as **Exhibit "C."**

23. Plaintiff next filed a pre-motion letter, exceeding three pages, requesting leave to file a motion for summary judgment and for default judgment on February 24, 2022. *See* **ECF Doc No. 33**. A copy of the letter is annexed hereto as **Exhibit "D."** The letter was not docketed as a motion, despite reminders from the Court that all requests for judicial actions are to be docketed as ECF motion events.

24.     On March 17, 2022, I filed a Notice of Appearance as counsel for Defendants. *See* **ECF Doc No. 34** on **Exhibit A**.

25.     My Notice of Appearance mooted Plaintiff's stated basis for a default judgment, and the Court ordered Plaintiff, if it wished to proceed with summary judgment motion practice, to renew its request for a premotion conference by April 1, 2022. *See* Order dated March 25, 2022 on **Exhibit A.**

26.     On April 1, 2022, Plaintiff once again ignored a Court Order or directive and filed a letter requesting summary judgment and default judgment. *See* **ECF Doc No. 35** on **Exhibit A**.

27.     On April 4, 2022, Magistrate Judge Mann entered an Order as follows: "Plaintiff's counsel failed to file his request for a premotion conference (DE #35) as an ECF motion event, as required by my Individual Rules and as counsel were previously reminded. See 6/22/21 Order. Henceforth, the Court will not consider any procedurally deficient application." *See* Order dated April 4, 2022, on **Exhibit A**.

28.     On April 4, 2022, Plaintiff filed a letter requesting a pre-motion conference. A copy of the letter is annexed hereto as **Exhibit "E."**

29.     On April 7, 2022, Defendants filed a letter response to Plaintiff's request for a pre-motion conference. A copy of that letter is annexed hereto as **Exhibit "F."**

30.     On May 11, 2022, Plaintiff filed "PLAINTIFF'S E.D.N.Y. LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRUE [sic]." Footnote 1 of Plaintiff's Rule 56.1 statement reads, "Our office filed an incorrect copy of the Note with the filing of the Complaint by accident. On May 10, 2022, Plaintiff's lawyers advised counsel for Defendants that the original wet-ink note is available for inspection at our Manhattan office. We have not received a response as of 11am on May 11, 2022." A copy of Plaintiff's Rule 56.1 statement is annexed hereto as **Exhibit "G."**

31.     Magistrate Judge Mann entered a scheduling order on May 19, 2022, in which she directed that "In accordance with the "bundling rule" adopted by Judge Vitaliano, the parties are directed to serve (and thereafter file) their motion papers as follows: Plaintiff's motion papers shall be served by June 17, 2022; defendants' opposition papers shall be served by July 15, 2022; plaintiff's reply shall be served, and the bundled motion papers docketed, by July 25, 2022." See Order Dated May 19, 2022, on **Exhibit A**.

32.     Plaintiff once again did not comply with the Court's Order and did not serve its motion for summary judgment before June 17, 2022.

33.     Magistrate Judge Mann entered a scheduling order on July 27, 2022, in which she stated, "The parties have ignored the Court's Scheduling Order of May 19, 2022, which directed that they brief plaintiff's summary judgment motion and file the motion papers of both sides by July 25, 2022. They are directed to cure that omission by July 29, 2022 or show cause why they should not be sanctioned for flouting the Court's order." *See* Order dated July 27, 2022 on **Exhibit A**.

34.     Instead of serving its motion for summary judgment on Defendants, Plaintiff again violated a Court Order and filed its motion for summary judgment on July 29, 2022. *See* **ECF Doc No. 44**. A copy of the motion papers submitted on that date is annexed hereto as **Exhibit "H."**

35.     Plaintiff's counsel also filed a letter on July 29, 2022, docketed as a letter and not an ECF motion event, in which it stated, in part, that "[i]t was in no way the intention of the undersigned to flout a judicial order and Plaintiff should not be prejudiced for the error of the undersigned." A copy of the letter is annexed hereto as **Exhibit "I."**

36.     Magistrate Judge Mann entered an order on July 29, 2022 reading, "Counsel were reminded last month that applications must be docketed as ECF motion events. The Court will not

consider plaintiff's procedurally defective request (DE #45)." *See* Order dated July 29, 2022 on **Exhibit A**.

37.     Plaintiff next filed a letter motion "for sanctions" on July 29, 2022. *See* **ECF Doc No. 46** on **Exhibit A**.

38.     Magistrate Judge Mann issued the following order on August 1, 2022: "ORDER striking <u>44</u> Motion for Summary Judgment and granting <u>46</u> Motion for Sanctions. The Court grants, on consent, plaintiff's proposed modified briefing schedule (DE #46), which was incorrectly docketed as a "Letter-Motion for Sanctions." However, plaintiff's motion for summary judgment (DE #44) was improperly docketed in violation of both Judge Vitaliano's bundling rule and this Court's Scheduling Order of May 19, 2022. Therefore, plaintiff's moving papers are stricken and will be deemed to have been served today. Defendant's response to that motion shall be served (but not docketed) by August 11, 2022. By August 19, 2022, plaintiff shall serve its reply papers on defendant and shall docket a complete set of the parties' respective motion papers."

39.     No Rule 56.1 Statement was included in Plaintiff's motion. *See* **Exhibit H.** Annexed hereto as **Exhibit "J"** is a copy of Defendants' Rule 26.1 Response to Plaintiff's Rule 56.1 Statement and Counterstatement of Material Facts in Dispute.

40.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 11, 2022
       Astoria, New York

                                        /s/ *Dominick J. Callegari*
                                        _____
                                        DOMINICK J. CALLEGARI, ESQ.

# EXHIBIT A

ACO

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:21-cv-00574-ENV-RLM

| | |
|---|---|
| Green Mountain Holdings (Cayman) Ltd. v. La Hacienda Bufeis LLC et al | Date Filed: 02/03/2021 |
| Assigned to: Judge Eric N. Vitaliano | Jury Demand: None |
| Referred to: Magistrate Judge Roanne L. Mann | Nature of Suit: 220 Real Property: Foreclosure |
| Cause: 12:191 Bank Foreclosure | Jurisdiction: Diversity |

**Plaintiff**

**Green Mountain Holdings (Cayman) Ltd.**          represented by      **Danielle Paula Light**
Hasbani & Light, P.C.
450 Seventh Avenue
Suite 1408
New York, NY 10123
212-643-6677
Email: dlight@hasbanilight.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**La Hacienda Bufeis LLC**          represented by      **Erin Elizabeth Wietecha**
Erin E. Wietecha, Esq.
100 Quentin Roosevelt Blvd. Suite 504
Garden City, NY 11530
646-385-5131
Email: erin@wietechalaw.com
*TERMINATED: 08/03/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dominick James Callegari**
CALLEGARI LAW, P.C.
47 Sarah Drive
Farmingdale, NY 11735
(631)270-1546
Fax: (631)773-6165
Email: binakisattorney@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maria Simon**          represented by      **Erin Elizabeth Wietecha**
(See above for address)
*TERMINATED: 08/03/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dominick James Callegari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Harry Simon**                    represented by **Erin Elizabeth Wietecha**
(See above for address)
*TERMINATED: 08/03/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dominick James Callegari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Police Officer John Doe**

**Defendant**

**Jane Doe**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/03/2021 | 1 | COMPLAINT *GREEN MOUNTAIN HOLDINGS(CAYMAN) LTD.* against JANE DOE, JOHN DOE, LA HACIENDA BUFEIS LLC, HARRY SIMON, MARIA SIMON filing fee $ 402, receipt number ANYEDC-14093297 Was the Disclosure Statement on Civil Cover Sheet completed -NO,, filed by GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.. (Attachments: # 1 Exhibit EX A SCHEDULE, # 2 Exhibit EX B NOTE, # 3 Exhibit EX C MORTGAGE, # 4 Exhibit EX D 30 DAY) (Light, Danielle) (Entered: 02/03/2021) |
| 02/03/2021 | 2 | Proposed Summons. by GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD. (Light, Danielle) (Entered: 02/03/2021) |
| 02/03/2021 | 3 | Proposed Summons. by GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD. (Light, Danielle). (Entered: 02/03/2021) |
| 02/03/2021 | 4 | Proposed Summons. by GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD. (Light, Danielle) . (Entered: 02/03/2021) |
| 02/03/2021 | 5 | Proposed Summons. by GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD. (Light, Danielle) . (Entered: 02/03/2021) |
| 02/03/2021 | 6 | Proposed Summons. by GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD. (Light, Danielle) . (Entered: 02/03/2021) |
| 02/03/2021 | 7 | Corporate Disclosure Statement by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle) . (Entered: 02/03/2021) |
| 02/03/2021 |  | Notice: Re: Incomplete Civil Cover Sheet. The Clerk's Office cannot assign this case without a completed Civil Cover Sheet (MISSING SECOND PAGE FORM). All questions *** INCLUDING the CERTIFICATION OF ARBITRATION ELIGIBILITY*** section on the second page needs to be answered. Please resubmit Civil Cover Sheet. (Bowens, Priscilla) (Entered: 02/03/2021) |
| 02/03/2021 | 8 | Civil Cover Sheet.. by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle). (Entered: 02/03/2021) |

| | | |
|---|---|---|
| 02/04/2021 | | Case Assigned to Judge Eric N. Vitaliano and Magistrate Judge Roanne L. Mann. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Davis, Kimberly) (Entered: 02/04/2021) |
| 02/04/2021 | 9 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that **if** all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent _unless_ all parties have signed the consent.** (Davis, Kimberly) (Entered: 02/04/2021) |
| 02/04/2021 | 10 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) (Entered: 02/04/2021) |
| 02/04/2021 | | NOTICE re 10 Quality Control Check - Attorney Case Opening : Due to the amount of errors made when filing this case, Plaintiff counsel is advised to refer to the Attorney Case Opening Video Tutorial/Manual before filing another case electronically. (Davis, Kimberly) (Entered: 02/04/2021) |
| 02/04/2021 | 11 | Summons Issued as to Jane Doe, John Doe, La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons) (Davis, Kimberly) (Entered: 02/04/2021) |
| 02/24/2021 | 12 | ANSWER to 1 Complaint, by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Wietecha, Erin) (Entered: 02/24/2021) |
| 02/25/2021 | 13 | SCHEDULING ORDER: A telephonic initial conference will be held on **April 7, 2021 @ 2:30 p.m.** before Magistrate Judge Roanne L. Mann. SEE ATTACHED: ORDER, INITIAL CONFERENCE QUESTIONNAIRE, AND MANDATORY REQUIREMENTS FOR CONFERENCE.<br><br>Counsel are directed to confer to jointly fill out and docket the attached questionnaire by 3:00 p.m. on **April 5, 2021**.<br><br>*** To dial in to the initial conference, the parties are directed to call (877) 336-1839 and type in the access code 6672833.<br><br>If the parties are initially unable to connect to the call, please try again as the third-party conference call system has been overloaded at times. Ordered by Magistrate Judge Roanne L. Mann on 2/25/2021. (LK) (Entered: 02/25/2021) |
| 03/24/2021 | 14 | First MOTION to Appoint Appoint Receiver/Referee by Green Mountain Holdings (Cayman) Ltd.. (Light, Danielle) (Entered: 03/24/2021) |
| 03/24/2021 | 15 | MEMORANDUM in Support re 14 First MOTION to Appoint Appoint Receiver/Referee filed by Green Mountain Holdings (Cayman) Ltd.. (Light, Danielle) (Entered: 03/24/2021) |
| 03/24/2021 | 16 | AFFIDAVIT/DECLARATION in Support re 14 First MOTION to Appoint Appoint Receiver/Referee filed by Green Mountain Holdings (Cayman) Ltd.. (Attachments: # 1 Exhibit EX A NOTE, # 2 Exhibit EX B MORTGAGE, # 3 Exhibit EX C COMPLAINT, # 4 Exhibit EX D ANSWER) (Light, Danielle) (Entered: 03/24/2021) |
| 03/24/2021 | 17 | AFFIDAVIT/DECLARATION in Support re 14 First MOTION to Appoint Appoint |

| | | |
|---|---|---|
| | | Receiver/Referee filed by Green Mountain Holdings (Cayman) Ltd.. (Attachments: # 1 Exhibit EX A NOTE, # 2 Exhibit EX B MORTGAGE, # 3 Exhibit EX C PAY OFF, # 4 Exhibit EX D BROKER PRICE) (Light, Danielle) (Entered: 03/24/2021) |
| 03/30/2021 | | ORDER REFERRING MOTION: The 14 First MOTION to Appoint Appoint Receiver/Referee filed by Green Mountain Holdings (Cayman) Ltd. is respectfully referred to Magistrate Judge Roanne L. Mann for a report and recommendation as to her findings. Ordered by Judge Eric N. Vitaliano on 3/30/2021. (Guo, Alicia) (Entered: 03/30/2021) |
| 03/30/2021 | | SCHEDULING ORDER re 14 First MOTION to Appoint Appoint Receiver/Referee filed by Green Mountain Holdings (Cayman) Ltd. Defendants' response must be filed by April 6, 2021 at noon. The parties should be prepared to discuss the motion at the initial conference. Ordered by Magistrate Judge Roanne L. Mann on 3/30/2021. (Proujansky, Josh) (Entered: 03/30/2021) |
| 04/06/2021 | 18 | REPORT of Rule 26(f) Planning Meeting (Light, Danielle) (Entered: 04/06/2021) |
| 04/06/2021 | 19 | MEMORANDUM in Opposition re 14 First MOTION to Appoint Appoint Receiver/Referee filed by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Wietecha, Erin) (Entered: 04/06/2021) |
| 04/06/2021 | 20 | AFFIDAVIT/DECLARATION in Opposition re 14 First MOTION to Appoint Appoint Receiver/Referee filed by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Wietecha, Erin) (Entered: 04/06/2021) |
| 04/06/2021 | 21 | AFFIDAVIT/AFFIRMATION re 20 Affidavit in Opposition to Motion, 19 Memorandum in Opposition *(Affidavit of Service)* by La Hacienda Bufeis LLC, Harry Simon, Maria Simon (Wietecha, Erin) (Entered: 04/06/2021) |
| 04/07/2021 | 22 | Minute Entry for proceedings held before Magistrate Judge Roanne L. Mann on 4/7/2021. Discussion held regarding 14 plaintiff's motion for appointment of a receiver. The parties are directed to informally exchange information and confer on the issues discussed, including defendants' financial hardship, plaintiff's citizenship for purposes of diversity jurisdiction, and application of the moratorium on commercial foreclosures, and shall file a joint status report by May 7, 2021. If plaintiff intends to proceed with the motion for appointment of a receiver at that time, the parties should propose a date for the filing of plaintiff's reply brief. The Court defers setting a discovery schedule. See attached. (Proujansky, Josh) (Entered: 04/07/2021) |
| 05/07/2021 | 23 | Letter *Regarding Joint Status Letter* by Green Mountain Holdings (Cayman) Ltd. (Attachments: # 1 EX A EXTENSION, # 2 EX B HACIENDA NYS FORM HARDSHIP AFF, # 3 EX B SUPPLEMENTAL HARDSHIP AFF, # 4 EX C PROTECT OUR FAMILIES ACT, # 5 EX D COVID 19 PROTECT OUR SMALL BUSINESSES, # 6 EX E EO202.28, # 7 EX F EO202.92, # 8 EX G LAW REVIEW, # 9 EX H CPLR 3408, # 10 EX I ACRIS) (Light, Danielle) (Entered: 05/07/2021) |
| 05/26/2021 | | STATUS REPORT ORDER re [DE #23]: At the hearing held on April 7, 2021, the parties addressed a series of legal and factual disputes and were directed to informally exchange information and confer further about those issues; the Court deferred setting a discovery schedule and ordered the parties to file a status report by May 7, 2021, and to include a deadline for plaintiff's reply to its motion for appointment of a receiver, in the event plaintiff intended to pursue that motion (DE #22). The parties' May 7th status report revisits at length their legal and factual disputes, but does not seek discovery or judicial intervention of any kind; nor does plaintiff propose a date for its reply on the motion to appoint a receiver or even reference the pendency of that motion (see DE #23). The Court therefore deems that motion (DE #14) withdrawn. A joint updated report on the status of |

| | | |
|---|---|---|
| | | the parties' settlement negotiations is due by **June 14, 2021**. Ordered by Magistrate Judge Roanne L. Mann on 5/26/2021. (LK) (Entered: 05/26/2021) |
| 06/14/2021 | 24 | Letter *Joint Status Report Regarding Settlement* by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle) (Entered: 06/14/2021) |
| 06/16/2021 | | ORDER terminating 14 Motion to Appoint Appoint Receiver/Referee, as per 5/26/21 status order. Ordered by Magistrate Judge Roanne L. Mann on 6/16/2021. (LK) (Entered: 06/16/2021) |
| 06/16/2021 | | ORDER re [DE #24]: As the case is not settling, the parties are directed to confer and, by **June 21, 2021**, shall file a joint letter (docketed as an ECF motion event) that either submits a proposed schedule for discovery or requests a scheduling conference. Ordered by Magistrate Judge Roanne L. Mann on 6/16/2021. (LK) (Entered: 06/16/2021) |
| 06/21/2021 | 25 | Letter *regarding Status of Discovery Schedule* by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle) (Entered: 06/21/2021) |
| 06/22/2021 | | ORDER [DE# 25] The deadline for submitting a joint motion proposing a schedule for pretrial discovery is extended to **June 25, 2021**. (Henceforth, any request for judicial action by this Court must be docketed as an ECF motion event, as required by my Individual Rules.) Ordered by Magistrate Judge Roanne L. Mann on 6/22/2021. (LK) Modified to add DE 25 on 6/22/2021 (LK). (Entered: 06/22/2021) |
| 06/25/2021 | 26 | Letter *Regarding Discovery* by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle) (Entered: 06/25/2021) |
| 06/25/2021 | | ORDER The Court adopts the parties' proposed discovery schedule, pursuant to which fact discovery will close on **October 25, 2021**. In the absence of proposed deadlines from the parties, the Court presumes that neither side will be relying on expert opinions or seeking to amend the pleadings or add new parties. Counsel shall confer and, by **August 18, 2021**, shall file a joint letter-motion requesting either a settlement conference or referral for court-annexed mediation, and identifying when the parties will have conducted sufficient discovery to have meaningful settlement discussions. Ordered by Magistrate Judge Roanne L. Mann on 6/25/2021. (LK) (Entered: 06/25/2021) |
| 07/14/2021 | 27 | Letter MOTION to Withdraw as Attorney *for Defendants* by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Wietecha, Erin) (Entered: 07/14/2021) |
| 07/14/2021 | 28 | DECLARATION re 27 Letter MOTION to Withdraw as Attorney *for Defendants (Declaration of Service)* by La Hacienda Bufeis LLC, Harry Simon, Maria Simon (Wietecha, Erin) (Entered: 07/14/2021) |
| 07/15/2021 | | ORDER deferring ruling on 27 Motion to Withdraw as Attorney. Defense counsel is directed to electronically file *ex parte* and under seal, by **July 19, 2021**, the email from defendant Maria Simon referenced on page 2 of defense counsel's motion to withdraw. Defendants Maria Simon, Harry Simon, and La Hacienda Bufeis LLC ("defendants") are directed to respond in writing, by **July 22, 2021**, to defense counsel's motion to withdraw. The Court cautions defendants that while the individual defendants may represent themselves, entities are not permitted to proceed without counsel in federal court and that, if the motion to withdraw is granted, and if a notice of appearance has not been filed on behalf of La Hacienda Bufeis LLC within 30 days thereafter, the entity defendant may be deemed to have defaulted. Ordered by Magistrate Judge Roanne L. Mann on 7/15/2021. (GM) (Entered: 07/15/2021) |
| 07/15/2021 | | ORDER: Defense counsel must promptly serve the Court's July 15, 2021 order on defendants and file proof of service. Ordered by Magistrate Judge Roanne L. Mann on 7/15/2021. (GM) (Entered: 07/15/2021) |

| | | |
|---|---|---|
| 07/15/2021 | [29](#) | Letter *attaching emails from Defendants to counsel as directed by Court order dated July 15, 2021* by La Hacienda Bufeis LLC, Harry Simon, Maria Simon (Wietecha, Erin) (Entered: 07/15/2021) |
| 07/15/2021 | [30](#) | DECLARATION re Order, Order on Motion to Withdraw as Attorney,,, *(Declaration of Service of Court's Order Dated July 15, 2021)* by La Hacienda Bufeis LLC, Harry Simon, Maria Simon (Wietecha, Erin) (Entered: 07/15/2021) |
| 08/03/2021 | | ORDER granting [27](#) Motion to Withdraw as Attorney. Attorney Erin Elizabeth Wietecha terminated. On July 14, 2021, counsel of record for all three defendants moved to withdraw, citing the fact, among others, that defendant Maria Simon - the principal of defendant La Hacienda Bufeis LLC and who also speaks for individual co-defendant Harry Simon - had terminated defense counsel's representation (DE #27). The following day, this Court ordered defense counsel to produce for *in camera* inspection the referenced email from Ms. Simon and to serve a copy of the Court's order on defendants, who were directed to respond to the withdrawal motion by July 22, 2021 (see 7/15/21 Order). Defense counsel timely complied with the Court's directive (see DE #29, DE #30), but none of the defendants has responded, and the Court is satisfied, from the *ex parte* submission (DE #29), that defendants terminated their relationship with their counsel. Therefore, defense counsel's motion to withdraw is granted. If the defendants have not arranged for new counsel to file a notice of appearance by August 27, 2021, the individual defendants - Maria and Harry Simon - will be deemed to be proceeding *pro se* (without counsel); however, as defendants were warned, entities are not permitted to proceed without counsel in federal court. The Clerk is requested to docket this Order into the ECF court file and to serve copies on defendants by mail and via the email address of Maria Simon reflected in DE #29; in addition, the Clerk shall update the docket to reflect the street addresses of the defendants (see DE #28, DE #30). Ordered by Magistrate Judge Roanne L. Mann on 8/3/2021. (LK) (Entered: 08/03/2021) |
| 09/21/2021 | | ORDER No docket activity has occurred in this case since August 3, 2021, when the Court granted defense counsel's unopposed motion to withdraw. It is unclear whether the parties continue to engage in settlement discussions and/or whether they have conducted any discovery. As no discovery deadlines have been set, plaintiff's counsel is directed to confer with the *pro se* defendants and, by **October 1, 2021**, to file a joint letter-motion (docketed as an ECF motion event) proposing a discovery schedule. Plaintiff's counsel is directed to promptly serve this Order on defendants and to file proof of service. Ordered by Magistrate Judge Roanne L. Mann on 9/21/2021. (LK) (Entered: 09/21/2021) |
| 10/01/2021 | [31](#) | Letter MOTION for Hearing by Green Mountain Holdings (Cayman) Ltd.. (Attachments: # [1](#) Ex A Hardship Declaration Form, # [2](#) EX B, # [3](#) Ex C, # [4](#) Ex D) (Light, Danielle) (Entered: 10/01/2021) |
| 10/04/2021 | [32](#) | MEMORANDUM AND ORDER denying, without prejudice, [31](#) Motion for Hearing. See attached for discussion. Ordered by Magistrate Judge Roanne L. Mann on 10/4/2021. (Attachments: # [1](#) Appendix) (Proujansky, Josh) (Entered: 10/04/2021) |
| 02/24/2022 | [33](#) | Letter *Pre Motion Letter for SJ and Default Judgment* by Green Mountain Holdings (Cayman) Ltd. (Attachments: # [1](#) Exhibit Exhibit 1 Note with Allonge) (Light, Danielle) (Entered: 02/24/2022) |
| 03/17/2022 | [34](#) | NOTICE of Appearance by Dominick James Callegari on behalf of La Hacienda Bufeis LLC, Harry Simon, Maria Simon (aty to be noticed) (Callegari, Dominick) (Entered: 03/17/2022) |
| 03/23/2022 | | ORDER: Plaintiff's [33](#) Letter Motion for Pre-Motion Conference is respectfully referred to Magistrate Judge Roanne L. Mann. Ordered by Judge Eric N. Vitaliano on 3/23/2022. (Robinson, Elizabeth) (Entered: 03/23/2022) |

| | | |
|---|---|---|
| 03/25/2022 | | ORDER deferring decision on 33 Letter filed by Green Mountain Holdings (Cayman) Ltd. On February 24, 2022, plaintiff filed a request for a premotion conference before District Judge Vitaliano, in connection with plaintiff's anticipated motion for summary judgment against defendants Maria and Harry Simon and a motion for default judgment against entity defendant, La Hacienda Bufeis LLC. On March 17, 2022, attorney Dominick James Callegari filed a notice of appearance on behalf of all three defendants, who had discharged their original attorney last July and who had been directed to secure new counsel by August 27, 2021. Incoming defense counsel has yet to respond to plaintiff's premotion conference request, which Judge Vitaliano has referred to this magistrate judge. See Order (March 23, 2022). <br><br> As the entity defendant is now represented by counsel, the stated basis for a default judgment no longer exists. To the extent that plaintiff wishes to move for summary judgment against all three defendants, it shall renew its request for a premotion conference (before this Court) by April 1, 2022. Defendants' response is due by April 8, 2022. Now that defendants are represented, counsel are encouraged to confer in an effort to avoid motions practice. Ordered by Magistrate Judge Roanne L. Mann on 3/25/2022. (Ertzbischoff, Natasha) (Entered: 03/25/2022) |
| 04/01/2022 | 35 | Letter *Pre Motion Letter for SJ and Default Judgment* by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle) (Entered: 04/01/2022) |
| 04/04/2022 | | ORDER re #35: Plaintiff's counsel failed to file his request for a premotion conference (DE #35) as an ECF motion event, as required by my Individual Rules and as counsel were previously reminded. See 6/22/21 Order. Henceforth, the Court will not consider any procedurally deficient application. Ordered by Magistrate Judge Roanne L. Mann on 4/4/2022. (LK) (Entered: 04/04/2022) |
| 04/04/2022 | 36 | MOTION for pre motion conference by Green Mountain Holdings (Cayman) Ltd.. (Light, Danielle) (Entered: 04/04/2022) |
| 04/07/2022 | 37 | RESPONSE to Motion re 36 MOTION for pre motion conference filed by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Callegari, Dominick) (Entered: 04/07/2022) |
| 04/21/2022 | 38 | ORDER granting 36 Motion for Pre Motion Conference. A telephonic premotion conference will be held on **May 3, 2022 at 3:00 p.m.**; clients must participate. *** To dial in to the conference, the parties are directed to call (877) 336-1839 and type in the access code 6672833. The parties are encouraged to file an executed section 636 consent form in the interim. Ordered by Magistrate Judge Roanne L. Mann on 4/21/2022. (LK) (Additional attachment(s) added on 4/21/2022: # 1 Consent form AO85a) (LK). (Entered: 04/21/2022) |
| 05/03/2022 | 39 | Minute Entry for Pre Motion Conference held before Magistrate Judge Roanne L. Mann on 5/3/2022. Discussion held regarding 36 plaintiff's motion for premotion conference. By May 6, 2022, the parties must file a joint status report advising whether the parties have agreed to settle the case. If the parties are unable to reach an agreement, by May 12, 2022, plaintiff must file a Local Civil Rule 56.1 Statement in support of its premotion conference request. Any evidence cited in plaintiff's 56.1 statement must be attached as an exhibit and filed along with its 56.1 statement. By May 18, 2022, defendants must respond to plaintiff's 56.1 Statement. The parties are directed to promptly arrange for defense counsel to inspect the original note with allonge. See attached. (Proujansky, Josh) (Entered: 05/03/2022) |
| 05/06/2022 | 40 | NOTICE by La Hacienda Bufeis LLC *Joint Status Letter* (Callegari, Dominick) (Entered: 05/06/2022) |
| 05/11/2022 | 41 | RULE 56.1 STATEMENT filed by All Plaintiffs. (Attachments: # 1 Exhibit A- Recorded Mortgage, # 2 Exhibit B- Note, # 3 Exhibit C- 30 Day Notice, # 4 Exhibit D- Transaction |

| | | |
|---|---|---|
| | | History, # [5](#) Exhibit E- Hardship Declaration, # [6](#) Exhibit F- AO3522) (Light, Danielle) (Entered: 05/11/2022) |
| 05/18/2022 | [42](#) | RULE 56.1 STATEMENT re [41](#) Rule 56.1 Statement, filed by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. (Attachments: # [1](#) Exhibit Answer, # [2](#) Exhibit Senate Bill) (Callegari, Dominick) (Entered: 05/18/2022) |
| 05/19/2022 | | SCHEDULING ORDER re [41](#) Rule 56.1 Statement, filed by Green Mountain Holdings (Cayman) Ltd., [42](#) Rule 56.1 Statement filed by La Hacienda Bufeis LLC, Harry Simon, Maria Simon. The parties are encouraged to continue their settlement negotiations; the Court will not, however, defer indefinitely the briefing of plaintiff's summary judgment motion. In accordance with the "bundling rule" adopted by Judge Vitaliano, the parties are directed to serve (and thereafter file) their motion papers as follows: Plaintiff's motion papers shall be served by June 17, 2022; defendants' opposition papers shall be served by July 15, 2022; plaintiff's reply shall be served, and the bundled motion papers docketed, by July 25, 2022. Ordered by Magistrate Judge Roanne L. Mann on 5/19/2022. (Proujansky, Josh) (Entered: 05/19/2022) |
| 07/27/2022 | | SCHEDULING ORDER: The parties have ignored the Court's Scheduling Order of May 19, 2022, which directed that they brief plaintiff's summary judgment motion and file the motion papers of both sides by **July 25, 2022**. They are directed to cure that omission by **July 29, 2022**, or show cause why they should not be sanctioned for flouting the Court's order. Ordered by Magistrate Judge Roanne L. Mann on 7/27/2022. (LK) (Entered: 07/27/2022) |
| 07/28/2022 | [43](#) | Letter by La Hacienda Bufeis LLC (Callegari, Dominick) (Entered: 07/28/2022) |
| 07/28/2022 | | ORDER: According to a letter filed today by defense counsel (DE #43, which should have been addressed to this magistrate judge, who set the referenced briefing schedule), it is plaintiff that has ignored the Scheduling Order of May 19, 2022, by failing to serve its motion papers by June 17, 2022, despite the Court's directive. Therefore, yesterday's Order is now specifically directed towards plaintiff and plaintiff's counsel, who must show cause, by **July 29, 2022**, why plaintiff should not be deemed to have waived their opportunity to move for summary judgment and why sanctions should not be imposed on them for flouting a judicial order. Ordered by Magistrate Judge Roanne L. Mann on 7/28/2022. (Ertzbischoff, Natasha) (Entered: 07/28/2022) |
| 07/29/2022 | [44](#) | MOTION for Summary Judgment by Green Mountain Holdings (Cayman) Ltd.. (Attachments: # [1](#) Affidavit, # [2](#) Declaration, # [3](#) Exhibit A - Note with Affixed Allonge, # [4](#) Exhibit B - Mortgage with Assignment of Mortgage, # [5](#) Exhibit C - Complaint, # [6](#) Exhibit D - Answer, # [7](#) Memorandum in Support) (Light, Danielle) (Entered: 07/29/2022) |
| 07/29/2022 | [45](#) | Letter *in Response to the Court's Order* by Green Mountain Holdings (Cayman) Ltd. (Light, Danielle) (Entered: 07/29/2022) |
| 07/29/2022 | | ORDER re [45](#) Letter filed by Green Mountain Holdings (Cayman) Ltd. Counsel were reminded last month that applications must be docketed as ECF motion events. The Court will not consider plaintiff's procedurally defective request (DE #45). Ordered by Magistrate Judge Roanne L. Mann on 7/29/2022. (Proujansky, Josh) (Entered: 07/29/2022) |
| 07/29/2022 | [46](#) | Letter MOTION for Sanctions *in Response to the Court's Order* by Green Mountain Holdings (Cayman) Ltd.. (Light, Danielle) (Entered: 07/29/2022) |
| 08/01/2022 | | ORDER striking [44](#) Motion for Summary Judgment and granting [46](#) Motion for Sanctions. The Court grants, on consent, plaintiff's proposed modified briefing schedule (DE #46), which was incorrectly docketed as a "Letter-Motion for Sanctions." However, plaintiff's motion for summary judgment (DE #44) was improperly docketed in violation of both Judge Vitaliano's bundling rule and this Court's Scheduling Order of May 19, 2022. |

Therefore, plaintiff's moving papers are stricken and will be deemed to have been served today. Defendant's response to that motion shall be served (but not docketed) by August 11, 2022. By August 19, 2022, plaintiff shall serve its reply papers on defendant and shall docket a complete set of the parties' respective motion papers. Ordered by Magistrate Judge Roanne L. Mann on 8/1/2022. (Ertzbischoff, Natasha) (Entered: 08/01/2022)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/11/2022 09:18:37 | | | |
| PACER Login: | erinwietecha | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:21-cv-00574-ENV-RLM |
| Billable Pages: | 8 | Cost: | 0.80 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,

                                             Case No.
                                             21-cv-00574-ENV-RLM

                                Plaintiff,

               v.

LA HACIENDA BUFEIS LLC; MARIA SIMON;                **ANSWER**
HARRY SIMON; "JOHN DOE" and "JANE DOE," the
last two names being fictitious, said parties intended
being tenants or occupants, if any, having or claiming an
interest in, or lien upon, the premises described in the
complaint,

                                Defendant.

-------------------------------------------------------------------------x

       Defendants La Hacienda Bufeis LLC ("Hacienda"), and individual defendants Maria

Simon and Harry Simon ("Individual Defendants" and collectively, "Defendants"), by and through

their attorneys, The Law Offices of Erin E. Wietecha, as and for their answer to the complaint

("Complaint") filed by plaintiff GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD. state as

follows:

### NATURE OF THE ACTION

       1.      Defendants admits only that Plaintiff filed a Complaint making various allegations,

but deny that they engaged in any violation of law or other wrongdoing, deny any and all alleged

liability to Plaintiff, deny that Plaintiff is entitled to any relief, and respectfully refer all questions

of law to the Court.

### PARTIES

       2.      Defendants are without sufficient knowledge or information so as to be able to form

a belief as to each and every allegation contained in Paragraph 2 of the Complaint.

3.      Defendant Hacienda admits the allegations in Paragraph 3 of the Complaint except does not admit to any conclusions of law, and respectfully refers all conclusions or questions of law to the Court; the Individual Defendants are without sufficient knowledge so as to be able to form a belief as to the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint except do not admit to any conclusions of law and respectfully refer all conclusions or questions of law to the Court.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint except do not admit to any conclusions of law and respectfully refer all conclusions or questions of law to the Court.

6.      Defendants are without sufficient knowledge or information so as to be able to form a belief as to each and every allegation contained in Paragraph 6 of the Complaint.

7.      Defendants admit that they have or claimed to have or may claim to have some interest in or lien upon the mortgaged premises and deny the remainder of the allegations set forth in Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8.      Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations contained in Paragraph 8 of the Complaint and respectfully refer all questions of law to the Court.

9.       Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations contained in Paragraph 9 of the Complaint and respectfully refer all questions of law to the Court.

## <u>AS TO THE FIRST CAUSE OF ACTION</u>

10.    The Individual Defendants admit that their signatures appear on the document referred to by Plaintiff as the "Note" and respectfully refer all questions of law to the Court; Defendants deny all remaining allegations in Paragraph 10 of the Complaint.

11.    Defendant Maria Simon admits that her signature appears on the document referred to by Plaintiff as the "Mortgage;" Defendants deny all remaining allegations in Paragraph 11 of the Complaint and respectfully refer all questions of law to the Court.

12.    The Individual Defendants admit that their signatures appear on the document referred to by Plaintiff as the "Note" and respectfully refer all questions of law to the Court; Defendants deny all remaining allegations in Paragraph 12 of the Complaint.

13.    Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in in Paragraph 13 of the Complaint and respectfully refer all questions of law and the interpretation of all documents to the Court.

14.    Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in Paragraph 14 of the Complaint and respectfully refer all questions of law to the Court.

15.    The Individual Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in Paragraph 15 of the Complaint; Defendant Hacienda admits that it did not make a payment on April 1, 2020 and denies the remaining allegations in Paragraph 15 of the Complaint.

16.    Defendant Hacienda denies information or belief to form a belief as to the allegations set forth in Paragraph 16 of the Complaint; the Individual Defendants admit that they

did not make a payment on April 1, 2020 and deny the remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in Paragraph 19 of the Complaint and respectfully refer all questions of law and the interpretation of all documents to the Court.

20.     Paragraph 20 calls for a legal conclusion to which no response is required, and Defendants respectfully refer all questions of law and the interpretation of all documents to the Court.

21.     Defendants are without sufficient knowledge or information so as to be able to form a belief as to the allegations set forth in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint appears to be identical to Paragraph 7 of the Complaint; Defendants accordingly refer Plaintiff and the Court to their response thereto.

### *AD DAMNUM* PARAGRAPHS

23.     Defendants admit that Plaintiff seeks certain relief, deny that Plaintiff is entitled to relief, and respectfully refer all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.     Plaintiff lacks standing to foreclose.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25.     Plaintiff failed to satisfy conditions precedent.

4

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26.     Plaintiff failed to send required notices prior to commencement of the action.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

27.     Plaintiff fails to state a claim upon which relief may be granted.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

28.     The action was filed in violation of New York Executive Order 202.92, entitled "Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency" and which "continue[d] the suspensions and modifications of law and any directives, unless superseded, modified or otherwise expired, made by Executive Order 202 and each successor Executive Order to 202, for thirty days until February 26, 2021."

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

29.     The Complaint is barred because Plaintiff materially breached the loan documents and/or failed to comply with the terms of the loan documents.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

30.     The action is barred, in whole or in part, by the doctrine of equitable estoppel.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

31.     The action is barred, in whole or in part, by the doctrine of unclean hands.

## **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

32.     The action is barred, in whole or in part, by the doctrine of ratification.

## **AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

33.     The action is barred, in whole or in part, because Plaintiff suffered no damages or failed to mitigate its damages.

## **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

34.     To the extent that the Defendants breached any obligations under the loan documents, Plaintiff frustrated and/or prevented Defendants' performance.

## **AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

35.     The purported acceleration of the loan and imposition of default interest and other default penalties are an unconscionable penalty.

## **AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

36.     Defendants reserve the right to assert additional defenses as they become known.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety and that the costs and expenses of this action be assessed against Plaintiff.

Dated:  Glen Cove, NY
        February 24, 2021

                                    LAW OFFICES OF ERIN E. WIETECHA

                                        */s/ Erin E. Wietecha*
                                      Erin E. Wietecha

                                    170 Old Country Road, Suite 505
                                    Mineola, NY 11501
                                    P: (347) 305-1766
                                    erin@wietechalaw.com

                                    *Attorney for Defendants La Hacienda*
                                    *Bufeis LLC, Maria Simon and Harry Simon*

# **EXHIBIT C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GREEN MOUNTAIN HOLDINGS
(CAYMAN) LTD.,

                                Plaintiff,              **MEMORANDUM
AND ORDER**

           -against-                      21-CV-574 (ENV)

LA HACIENDA BUFEIS LLC, et al.,

                                  **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On September 21, 2021, this Court issued an order in this foreclosure action that,
among other things, directed plaintiff's counsel to confer with the *pro se* defendants and, by
October 1, 2021, file a joint letter-motion proposing a discovery schedule.  See 9/21/21
Order.  In response, plaintiff filed a letter-motion requesting a hearing concerning defendants'
alleged economic hardship and the declaration attesting thereto; requesting that this Court
deem defendant La Hacienda Bufeis LLC ("La Hacienda") to be in default, for having failed to
secure counsel following the withdrawal of defendants' original counsel of record; and, citing
defendants' failure to respond to plaintiff's counsel's email communications, unilaterally
proposing a schedule pursuant to which, *inter alia*, fact discovery would have to be completed
by January 2, 2021 [sic].  See Letter Motion for Hearing (Oct. 1, 2021) at 1, DE #31.  For the
following reasons, plaintiff's motion is denied without prejudice.

First, with respect to plaintiff's request for a hearing, that request is unsupported by a sworn statement, a prerequisite to such a hearing.  See 2021 N.Y. Laws Ch. 417 (S50001), Subpart B of Part C § 4(b), Ex. C to DE #31-3 at p. 29.  As the Second Circuit noted last week in construing the eviction portion of the same state statutory scheme at issue here, New York's Covid-19 Emergency Eviction and Foreclosure Prevention Act ("CEEFPA"), 2020 N.Y. Laws Ch. 381, as recently amended, "provides that a landlord may file an affidavit" to contest the hardship certified in the hardship declaration.  Chrysafis v. Marks, -- F.4th --, 2021 WL 4453457, at *3 (2d Cir.  Sept. 29, 2021).  In the instant case, plaintiff's request for a hearing is not accompanied by such a sworn statement and is therefore denied without prejudice.

As for plaintiff's request that La Hacienda should be deemed to be in default or, in the alternative, that plaintiff be allowed to proceed with foreclosure against the entity defendant, plaintiff should, in the first instance, apply to the Clerk of the Court for a notation of default against La Hacienda; plaintiff is advised, however, that securing a notation of default is merely the first step in the process and that it does not necessarily follow that foreclosure proceedings could then commence in a case involving two non-defaulting individual defendants who have claimed hardship.  See 2021 N.Y. Laws Ch. 417 (S50001), Subpart B of Part C § 1, Ex. C to to DE #31-3 at p. 26 (section of CEEFPA relating to actions to foreclose residential real property applies where the "owner or mortgagor of such property is a natural person, *regardless of how title is held* . . . . ") (emphasis added).

2

Finally, regarding the discovery schedule now proposed by plaintiff, a further review of the docket sheet reveals that, contrary to the assumption in the 9/21/21 Order, this Court has in fact set discovery deadlines in this case, including a fact discovery deadline of October 25, 2021. See 6/25/21 Order. To the extent that plaintiff desires to extend the existing deadlines, counsel should reach out to the individual defendants by both mail and email, in an effort to discuss with them scheduling and other matters. Defendants Maria and Harry Simon are directed to confer in good faith with plaintiff's counsel, to discuss scheduling as well as plaintiff's desire for a hearing to contest defendants' claim of hardship. Defendants are strongly encouraged to contact the Pro Se Legal Assistance Clinic (see attached flyer) to obtain confidential advice concerning how to defend themselves in this litigation and whether to submit proof of the circumstances stated in their previously submitted Hardship Declaration. Defendants are warned of the following:

> IF PLAINTIFF MOVES TO CHALLENGE YOUR HARDSHIP CLAIM, YOU ARE ENTITLED TO A HEARING. IF THE COURT RULES YOUR HARDSHIP CLAIM INVALID AFTER THE HEARING, THE LAWSUIT MAY PROCEED TOWARD POSSIBLE FORECLOSURE, BUT UNLESS AND UNTIL THE COURT ISSUES A JUDGMENT OF FORECLOSURE, THE PROPERTY MAY NOT BE FORECLOSED UPON.

<u>**CONCLUSION**</u>

For the foregoing reasons, plaintiff's October 1st motion is denied without prejudice.

The Clerk is requested to docket this Memorandum and Order into the ECF court file

and to mail and email copies to defendants.

**Dated:** **Brooklyn, New York**
        **October 4, 2021**


        /s/  *Roanne L. Mann*
        **ROANNE L. MANN**
        **UNITED STATES MAGISTRATE JUDGE**

4

# **EXHIBIT D**



**HASBANI &
LIGHT, P.C.**
ATTORNEYS AT LAW

Danielle P. Light Esq.
450 Seventh Ave, Suite 1408
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

February 24, 2022

**VIA CM/ECF**
Honorable Eric N. Vitaliano
United States District Court, EDNY
225 Cadman Plaza
Brooklyn, NY 11201

> **RE:** ***Green Mountain Holdings (Cayman) Ltd. v. La Hacienda Bufeis LLC et. al.* Case No.: *1:21-cv-00574***
> **Pre-Motion Letter Concerning Plaintiff's Motion for Default Judgment and Summary Judgment Pursuant to F.R.C.P 55. And F.R.C.P 56**

Dear Judge Vitaliano,

We represent the Plaintiff Green Mountain Holdings (Cayman) Ltd., ("Plaintiff") in the above referenced matter. Pursuant to Individual Practice Rules §§ III(A)(i), Plaintiff requests a pre-motion conference for a motion for summary judgment against defendants, La Hacienda Bufeis LLC, Harry Simon and Maria Simon ("Defendants").

**I.      The Underlying Mortgage, Default Under the Terms of the Mortgage, and the Instant Action**

On May 24, 2019, La Hacienda executed a note (the "Note") in the principal amount of $450,000.00 plus interest in favor of M&M Private Lending Group ("Lender"). *See* ECF Dkt. No.: 1, ¶ 10. To secure the indebtedness, La Hacienda executed a mortgage bearing the same date in favor of the Lender. *See id at* ¶ 11. Said lien encumbers the premises known as 41-63 55th Street Woodside, New York 11377. and identified on the Queens County Tax Map as Block: 1325 Lot: 21 (the "Subject Property" or the "Property"). *See id.*

On May 24, 2019, Maria Simon and Harry Simon, members of La Hacienda Bufeis LLC ("La Hacienda"), executed a personal guaranty. Maria and Harry agreed to be individual guarantors of the loan secured by the Note and Mortgage. *See id.*

Defendant La Hacienda breached its obligations under the Note and thereby caused a default under the Mortgage pursuant to Paragraph 1 thereof by failing to pay the regular monthly payment which came due on April 1, 2020 (the "Event of Default" or the "Default") and all subsequent payments. *See id.* La Hacienda failed to cure the default and on February 3, 2021 Plaintiff commenced the instant foreclosure action by filing the Complaint in the United States District Court for the Eastern District of New York. *See id.*

Defendants, through counsel, interposed an Answer on February 24, 2021. *See* ECF Dkt No.: 12. Defendants then submitted a Hardship Declaration staying the action on April 28, 2021. *See* **Exhibit A**.

On July 14, 2021, Counsel for Defendants submitted a letter motion seeking to withdraw as counsel. *See* ECF Dkt No.: 14. The motion was granted on August 3, 2021. As part of the order, Maria Simon and Harry Simon were warned that entities are not permitted to proceed without counsel. To date, Maria Simon and Harry Simon failed to obtain counsel for La Hacienda.

On September 27, 2021, Plaintiff complied with this Court's Order dated September 21, 2021 and emailed Maria Simon in an attempt to discuss a discovery schedule and to discuss the matter. *See* ECF Doc. No. 31-4. Plaintiff's counsel followed up with Ms. Simon on September 30, 2021 regarding the September 21, 202 Order. *See Id*. To-date, no response was received.

Plaintiff now seeks to proceed with this case with the filing of a motion for summary judgment.

## II.    Legal Standard

To obtain a default judgment under Fed. R. Civ. P. 55, a party must first obtain a certificate of default from the Clerk of Court and then move the District Court for the entry of default judgment. *See OneWest Bank N.A. v. Louis,* No. 15-cv-597, 2016 WL 3552143, at *11 (S.D.N.Y. June 22, 2016). Courts should then consider whether the non-appearing defendants had notice of the suit and an opportunity to be heard. *See CIT Bank v. Dambra,* No. 14- cv-3951, 2015 WL 7422348, at *3 (S.D.N.Y. Sept. 25, 2015).

Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgement bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See id*. If the nonmovant fails to carry this burden, summary judgment is appropriate. *See id*.

## III.    Plaintiff is entitled to default judgment against defendant, La Hacienda

La Hacienda filed its answer through counsel on February 24, 2021. *See* ECF Dckt No. 12.

La Hacienda failed to seek new counsel and showed no willingness to participate in the instant action. Accordingly, this court should allow Plaintiff to proceed with a pre-motion

conference for Default Judgment against La Hacienda Pursuant to the Individual Local Rules of this court and Fed. R. Civ. P. 55.

Previously, Plaintiff advised this court of the above issues in its letter motion dated October 1, 2022. *See* ECF Dckt No. 31. Specifically, Plaintiff advised this court that Maria Simon and Harry Simon failed to obtain counsel for La Hacienda. This Court advised on August 3, 2021, warned Maria Simon and Harry Simon that La Hacienda is not permitted to continue as a pro-se defendant in federal court. To date, Maria Simon and Harry Simon failed to obtain counsel for La Hacienda.

Accordingly, this court should allow Plaintiff to proceed with a pre-motion conference for Default Judgment against La Hacienda Pursuant to the Individual Local Rules of this court and Fed. R. Civ. P. 55.

### IV.  Plaintiff is entitled to summary judgment against Defendants on their Thirteen Affirmative Defenses

Maria Simon and Harry Simon filed their answer to Plaintiff's complaint on February 24, 2021. *See* ECF Dckt No. 12. Further, despite the warning of this court dated August 3, 2021, Maria Simon and Harry Simon elected to participate in this action pro-se. The deadline for factual discovery closed on October 25, 2021, and Plaintiff requests a pre-motion conference to bring a motion for summary judgment pursuant to Fed R. Civ. P. 56, in order to further prosecute this action.

Defendants raised thirteen affirmative defenses, all of which lack merit and warrant judgment as a matter of law.

As a first affirmative defense, Defendants assert that Plaintiff lacks standing. However, this defense lacks merit because Plaintiff received the wet-ink Note with a properly affixed allonge from the Loan's originator, M&M Private Lending Group, LLC (*see* Exhibit 1 to this Letter). Plaintiff purchased the loan on December 18, 2020, about two months before commencement of this action. Thus, Plaintiff has standing to foreclose on the defaulted Loan.

As a second and third affirmative defense, Defendants assert that Plaintiff failed to satisfy conditions precedent. As a first note, this is not a residential home loan. Therefore, there are no statutory conditions precedent that are applicable to the action at bar. Second, regarding contractual conditions precedent, Plaintiff sent the mortgagee, defendant La Hacienda Bufeis, LLC, a notice of default on December 18, 2020 by certified mail. Consequently, this defense is also of no merit and must be stricken.

As a fourth affirmative defense, Defendants claim that Plaintiff fails to state a claim upon which relief may be granted. This claim is also of no merit since to establish a cause of action, Plaintiff must establish the existence of a mortgage, note and default. Defendants do not dispute the existence of the mortgage or note in this case. Defendants also do not dispute the default. *See generally*, Defendant's Answer (ECF Doc. No. 12). Therefore, Plaintiff states a cause of action for foreclosure.

As a fifth affirmative defense, Defendants assert that the action was filed in violation of the Executive Order which was implemented during Covid. That Order has since expired and this defense is no longer of merit. It must be stricken as a matter of law.

The remaining affirmative defenses are conclusory and fail to include any basis in fact or law to avoid foreclosure. *See generally*, Defendant's Answer (ECF Doc. No. 12) (asserting affirmative defenses that the Complaint is barred because Plaintiff materially breached the loan documents and/or failed to comply with the terms of the loan documents, the action is barred by the doctrine of equitable estoppel, unclean hands, ratification, Plaintiff suffered no damages or failed to mitigate damages, Plaintiff frustrated and/or prevented Defendants' performance, acceleration of the loan and imposition of default interest and other default penalties are on unconscionable penalty, and reservation of rights to assert additional defenses).

For the foregoing reasons, Plaintiff seeks leave to file a motion for summary judgment. We thank the Court for its time and consideration of this request.

Respectfully,

*/s/ Danielle P. Light*
Danielle P. Light, Esq.

# **<u>EXHIBIT E</u>**



**HASBANI & LIGHT, P.C.**

ATTORNEYS AT LAW

Danielle P. Light Esq.
450 Seventh Ave, Suite 1408
New York, New York 10123
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

February 24, 2022

**VIA CM/ECF**
Honorable Eric N. Vitaliano
United States District Court, EDNY
225 Cadman Plaza
Brooklyn, NY 11201

> **RE:** ***Green Mountain Holdings (Cayman) Ltd. v. La Hacienda Bufeis LLC et. al. Case***
> ***No.: 1:21-cv-00574***
> **Pre-Motion Letter Concerning Plaintiff's Motion for Summary Judgment**

Dear Judge Vitaliano,

We represent the Plaintiff Green Mountain Holdings (Cayman) Ltd., ("Plaintiff") in the above referenced matter. Pursuant to Individual Practice Rules §§ III(A)(i), Plaintiff requests a pre-motion conference for a motion for summary judgment against defendants, La Hacienda Bufeis LLC, Harry Simon and Maria Simon ("Defendants").

## I. The Underlying Mortgage, Default Under the Terms of the Mortgage, and the Instant Action

On May 24, 2019, La Hacienda executed a note (the "Note") in the principal amount of $450,000.00 plus interest in favor of M&M Private Lending Group ("Lender"). *See* ECF Dkt. No.: 1, ¶ 10. To secure the indebtedness, La Hacienda executed a mortgage bearing the same date in favor of the Lender. *See id at* ¶ 11. Said lien encumbers the premises known as 41-63 55th Street Woodside, New York 11377. and identified on the Queens County Tax Map as Block: 1325 Lot: 21 (the "Subject Property" or the "Property"). *See id.*

On May 24, 2019, Maria Simon and Harry Simon, members of La Hacienda Bufeis LLC ("La Hacienda"), executed a personal guaranty. Maria and Harry agreed to be individual guarantors of the loan secured by the Note and Mortgage. *See id*.

Defendant La Hacienda breached its obligations under the Note and thereby caused a default under the Mortgage pursuant to Paragraph 1 thereof by failing to pay the regular monthly payment which came due on April 1, 2020 (the "Event of Default" or the "Default") and all subsequent payments. *See id*. La Hacienda failed to cure the default and on February 3, 2021 Plaintiff commenced the instant foreclosure action by filing the Complaint in the United States District Court for the Eastern District of New York. *See id.*

Defendants, through counsel, interposed an Answer on February 24, 2021. *See* ECF Dkt No.: 12. Defendants then submitted a Hardship Declaration staying the action on April 28, 2021. *See* **Exhibit A**.

On July 14, 2021, Counsel for Defendants submitted a letter motion seeking to withdraw as counsel. *See* ECF Dkt No.: 14. The motion was granted on August 3, 2021. As part of the order, Maria Simon and Harry Simon were warned that entities are not permitted to proceed without counsel. On March 17, 2022, Callegari Law Group appeared on behalf of La Hacienda Bufeis LLC, Harry Simon and Maria Simon.

On September 27, 2021, Plaintiff complied with this Court's Order dated September 21, 2021 and emailed Maria Simon in an attempt to discuss a discovery schedule and to discuss the matter. *See* ECF Doc. No. 31-4. Plaintiff's counsel followed up with Ms. Simon on September 30, 2021 regarding the September 21, 202 Order. *See Id*. To-date, no response was received.

On February 24, 2022, Plaintiff filed a letter seeking a pre-motion conference for a motion for summary judgment against gainst Harry Simon and Maria Simon and default judgment against La Hacienda Bufeis LLC because the LLC was no longer represented by counsel and cannot proceed *pro se*. On March 25, 2022, the court issued an order deeming Plaintiff's prior request to proceed with a motion for summary judgment against Harry Simon and Maria Simon and default judgment against La Hacienda Bufeis LLC as moot because now La Hacienda Bufeis LLC is represented by counsel.

Plaintiff now seeks to proceed with this case with the filing of a motion for summary judgment as all parties are represented by counsel.

## II.     Legal Standard

Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgement bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See id.* If the nonmovant fails to carry this burden, summary judgment is appropriate. *See id.*

## III.     Plaintiff is entitled to summary judgment against Defendants on their Thirteen Affirmative Defenses

Defendants filed their answer to Plaintiff's complaint on February 24, 2021. *See* ECF Dckt No. 12. Further, despite the warning of this court dated August 3, 2021, Maria Simon and Harry Simon elected to participate in this action pro-se. The deadline for factual discovery

closed on October 25, 2021, and Plaintiff requests a pre-motion conference to bring a motion for summary judgment pursuant to Fed R. Civ. P. 56, in order to further prosecute this action.

Defendants raised thirteen affirmative defenses, all of which lack merit and warrant judgment as a matter of law.

As a first affirmative defense, Defendants assert that Plaintiff lacks standing. However, this defense lacks merit because Plaintiff received the wet-ink Note with a properly affixed allonge from the Loan's originator, M&M Private Lending Group, LLC (*see* Exhibit 1 to this Letter). Plaintiff purchased the loan on December 18, 2020, about two months before commencement of this action. Thus, Plaintiff has standing to foreclose on the defaulted Loan.

As a second and third affirmative defense, Defendants assert that Plaintiff failed to satisfy conditions precedent. As a first note, this is not a residential home loan. Therefore, there are no statutory conditions precedent that are applicable to the action at bar. Second, regarding contractual conditions precedent, Plaintiff sent the mortgagee, defendant La Hacienda Bufeis, LLC, a notice of default on December 18, 2020 by certified mail. Consequently, this defense is also of no merit and must be stricken.

As a fourth affirmative defense, Defendants claim that Plaintiff fails to state a claim upon which relief may be granted. This claim is also of no merit since to establish a cause of action, Plaintiff must establish the existence of a mortgage, note and default. Defendants do not dispute the existence of the mortgage or note in this case. Defendants also do not dispute the default. *See generally*, Defendant's Answer (ECF Doc. No. 12). Therefore, Plaintiff states a cause of action for foreclosure.

As a fifth affirmative defense, Defendants assert that the action was filed in violation of the Executive Order which was implemented during Covid. That Order has since expired and this defense is no longer of merit. It must be stricken as a matter of law.

The remaining affirmative defenses are conclusory and fail to include any basis in fact or law to avoid foreclosure. *See generally*, Defendant's Answer (ECF Doc. No. 12) (asserting affirmative defenses that the Complaint is barred because Plaintiff materially breached the loan documents and/or failed to comply with the terms of the loan documents, the action is barred by the doctrine of equitable estoppel, unclean hands, ratification, Plaintiff suffered no damages or failed to mitigate damages, Plaintiff frustrated and/or prevented Defendants' performance, acceleration of the loan and imposition of default interest and other default penalties are on unconscionable penalty, and reservation of rights to assert additional defenses).

For the foregoing reasons, Plaintiff seeks leave to file a motion for summary judgment. We thank the Court for its time and consideration of this request.

Respectfully,

*/s/ Danielle P. Light*
Danielle P. Light, Esq.

# **EXHIBIT F**

# BINAKIS LAW, P.C.

28-60 31st Street
Astoria, New York 11102
Ph: 1 (718) 626-2853 | Fax: 1 (718) 626-2863
Email: binakisp@gmail.com

_____

April 7, 2022

**VIA CM/ECF**
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

> **Re:**   ***Green Mountain Holdings (Cayman) Ltd. v. La Hacienda Bufeis LLC et. al.***
> ***Case No.: 1:21-cv-00574***
> ***Response to Pre-Letter Motion for Summary Judgment***

Hon. Eric N. Vitaliano,

This office represents Defendant La Hacienda Bufeis LLC ("Hacienda"), and individual defendants Maria Simon and Harry Simon ("Individual Defendants" and collectively, "Defendants"). Plaintiff's letter dated February 24, 2022 requests a pre-motion conference for a motion for summary judgment pursuant to Individual Practice Rules §§ III(A)(i).

As a preliminary matter, Plaintiff's letter motion is untimely and in violation of the Order entered on March 25, 2022. Nonetheless, for the reasons set forth below, Plaintiff's motion request must be denied as Plaintiff failed to eliminate any material issues of fact. *Putrino v. Buffalo Athletic Club,* 82 N.Y.2d 779, 781, 604 N.Y.S.2d 539, 624 N.E.2d 676 (1993).

## I.   PLAINTIFF FAILED TO ESTABLISH ITS PRIMA ENTITLEMENT TO JUDGMENT AS A MATTER OF LAW

To    establish prima facie entitlement to judgment as a matter of law in    an    action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default. *Deutsche Bank Tr. Co. Americas v. Garrison,* 147 A.D.3d 725, 726, 46 N.Y.S.3d 185, 186–87 (2017).

### A.  UNPAID NOTE

Plaintiff's own papers demonstrate it failed to meet its prima facie burden of establishing its standing to commence this action.

"Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid

note, and evidence of default" (*U.S. Bank N.A. v. Greenberg,* 168 A.D.3d 893, 894, 91 N.Y.S.3d 459). "Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief" (*HSBC Bank USA, N.A. v. Bermudez,* 175 A.D.3d 667, 668, 107 N.Y.S.3d 138). "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (*id.* at 668, 107 N.Y.S.3d 138). *Bank of Am., N.A. v. Montagnese,* No. 2018-04007, 2021 WL 4888717, at 2 (N.Y. App. Div. Oct. 20, 2021).

Plaintiff attached a copy of the Note originated by M&M Private Lending Group, LLC. However, the Note is not endorsed nor accompanied by an allonge so firmly affixed to the Note. As such, triable issues of fact exist as to whether the Plaintiff was the holder of the note at the time the action was commenced. A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code (*see* UCC 3-104 [2][d]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; *see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684). Where an instrument is endorsed in blank, it may be negotiated by delivery (*see* UCC 3-202[1]; 3-204[2]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684). In the present case, there is a triable issue of fact as to whether the note was properly endorsed in blank by an allonge "so firmly affixed thereto as to become a part thereof" when it came into the possession of the plaintiff (UCC 3-202[2]; *see U.S. Bank N.A. v Moulton*, 179 AD3d 734, 736-738; *Bayview Loan Servicing, LLC v Kelly*, 166 AD3d at 845-846; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 985). *HSBC Bank USA, Nat'l Ass'n v. Herod,* No. 2019-04641, 2022 WL 697398 (N.Y. App. Div. Mar. 9, 2022).

## B. EVIDENCE OF DEFAULT

Plaintiff alleges in its complaint that "La Hacienda defaulted under the terms of the Note and Mortgage for the payment due on April 1, 2020 (the 'Default'). See **ECF 1 at 4, ¶ 15**. However, Plaintiff failed to submit copies of the records themselves to establish the borrower's default.

New York Law is clear that to establish a payment default by an admission made in response to a notice to admit (*see* CPLR § 3212 [b]; 3123), by an affidavit from "a person having [personal] knowledge of the facts" (CPLR § 3212 [b]), or by other evidence "in admissible form" (*Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d at 507). Here, as Gordon correctly contends, the plaintiff's submissions failed to lay a proper foundation for the admission of the business records relied upon by the plaintiff to establish Gordon's default in the repayment of the subject loan. *Bank of New York Mellon v. Gordon*, 171 A.D.3d 197, 208, 97 N.Y.S.3d 286 (2019).

In *Gordon*, the court described the method used by the plaintiff in its effort to establish the borrowers' default, a method the court found insufficient to establish said default:

> The plaintiff relied upon the affidavit of Rosalind Carroll to lay a foundation
> for the admission of business records purporting to show that Gordon had

defaulted under the terms of the subject note by failing to make required monthly payments. Carroll stated that she was a "document coordinator" for an entity named "Bayview Loan Servicing, LLC" (hereinafter Bayview), which was identified by Carroll as a "servicer for the plaintiff." Carroll went on to state: "According to the business records I have reviewed, [Gordon] defaulted on the loan by failing to make monthly payments due on May 1, 2008 and continuing to the present."

Furthermore, the *Gordon* court explained that "Although Carroll adequately described the record-keeping practices and procedures utilized by Bayview, and adequately stated her familiarity with those practices, she did not actually attach or otherwise incorporate any of Bayview's business records to her affidavit. Accordingly, to the extent that Carroll's purported knowledge of Gordon's default was based upon her review of unidentified business records created and maintained by Bayview, her affidavit constituted inadmissible hearsay and lacked probative value."

Succinctly stated, the Second Department held in *Gordon* that where the affiant does not attach or otherwise incorporate any business records of the servicer to an affidavit, "to the extent that [an affiant's] purported knowledge of [a borrower's] default was based upon her review of unidentified business records created and maintained by [the servicer], her affidavit constituted inadmissible hearsay and lacked probative value." *Id*. at 4.

More recently, the court in *Deutsche Bank Tr. Co. Americas v. Miller,* 198 A.D.3d 867, 868 (N.Y. App. Div. 2021)(held … even if Lee's affidavit set forth a proper foundation for the admissibility of the unspecified records he relied on (*see Deutsche Bank Natl. Trust Co. v. Ezeji*, 194 A.D3d 909, 911 [2021]), Lee "failed to identify the records upon which [ ]he relied in making the statements, and the plaintiff failed to submit copies of the records themselves" (*U.S. Bank N.A. v. Pickering-Robinson*, 197 A.D.3d 757, 763 [2d Dept 2021]). It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (*see* 197 AD3d at 763; *Wilmington Trust, N.A. v. Jimenez*, 194 A.D.3d 988, 989 [2021]; *Deutsche Bank Natl. Trust Co. v Ezeji*, 194 A.D.3d at 911; *Wilmington Sav. Fund, FSB v. Peters*, 189 A.D.3d 937, 939 [2020]). Since the plaintiff failed to meet its prima facie burden, the Supreme Court, upon reargument, should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 [1985]).

For the foregoing reasons, Plaintiff's request must be denied. We thank the Court for its time and consideration of this request.

Respectfully,

/s/ **Dominick J. Callegari**

_____
Dominick J. Callegari, Esq.

# **EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK


Green Mountain Holdings (Cayman) Ltd.,

Case No. 1:21-cv-00574-ENV-RLM

*Plaintiff,*

*-against-*

LA HACIENDA BUFEIS LLC; MARIA SIMON, HARRY
SIMON, "JOHN DOE" and "JANE DOE" the last two
names being fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in, or lien
upon, the premises described in the complaint,

*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S E.D.N.Y. LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRUE**

Pursuant to E.D.N.Y. Local Civil Rule 56.1, Plaintiff Green Mountain Holdings (Cayman)

Ltd., ("Plaintiff") submits the following statement of undisputed material facts upon which there

is no genuine issue to be tried in connection with its motion for summary judgment against

defendants La Hacienda Bufeis LLC, Maria Simon, Harry Simon, John Doe, and Jane Doe

(collectively "Defendants") under New York Real Property Actions and Proceedings Law

("RPAPL") § 1301 et seq.:

1.      Plaintiff is a limited company organized under the laws of the Cayman Islands with

a principal place of business in Miami, Florida. *See* ECF Dkt. No.: 1 ("Compl.") ¶2.

2.      Defendant La Hacienda Bufeis LLC ("La Hacienda") is a limited liability company

organized under the law of the State of New York with a principal place of business at 56-17

Roosevelt Avenue, Flushing, New York 11377.  *See* ECF Dkt. No.: 1 ("Compl.") ¶3 and ECF Dkt.

No.: 12 ("Answer") ¶3.

1

3.      Defendant Maria Simon ("Maria") is an individual who is a citizen of the State of New York and La Hacienda's sole member. *See,* ECF Dkt. No. 1 ¶4 and ECF Dkt. No.: 12 ¶4.

4.      Defendant Harry Simon ("Harry") is an individual who is a citizen of the State of New York who has an address of 56-71 Roosevelt Avenue, Flushing, NY 11377. *See,* ECF Dkt. No. 1 ¶5 and ECF Dkt. No. 12 ¶5.

5.      On May 24, 2019, La Hacienda executed a mortgage in favor of M&M Private Lending Group ("M&M") to secure the sum of $450,000.00 (the "Mortgage"). *See,* ECF Dkt. No. 1 ¶10. The Mortgage acts as security over the real property located at 41-63 55th Street, Woodside, New York 11377 (the "Subject property"), which was recorded in the Office of the City Register of the City of New York on July 18, 2019 bearing CFRN 2019000227017. *See,* ECF Dkt. No. 1 ¶10. A copy of the Mortgage is attached hereto as **Exhibit A.**

6.      The Mortgage is not a residential loan.  *See* Exhibit A.

7.      Also on May 24, 2019, La Hacienda executed a note in favor of M&M in the amount of $450,000.00 (the "Note"). *See,* ECF Dkt. No. 1 ¶11.

8.      Collectively, the Note and Mortgage will be referred to as the "Loan".

9.      On May 24, 2019, Maria and Harry executed a Note individually as personal guarantors for the Loan.  *See,* ECF Dkt. No. 1 ¶12 and ECF Dkt. No. 12 ¶10-12.

10.      On March 7, 2020, Governor Andrew M. Cuomo signed into law Executive Order 202.28 which was extended by Executive Order 202.92 (collectively the "Executive Order").  *See* ECF Dkt. No. 23-6 and 23-7.

11.      The Note was subsequently transferred by M&M to Plaintiff by affixment of a proper allonge.  Plaintiff received physical possession of the Note on December 18, 2020 and the

Note has remained in Plaintiff's possession since that date.[1]  A copy of the Note with the properly affixed allonge is attached hereto as **Exhibit B**.

12.     La Hacienda breached its obligations under the Note and thereby caused a default under the Mortgage pursuant to Paragraph 1 by failing to pay the ongoing payment which came due on April 1, 2020 and all subsequent payments (the "Default").  *See,* ECF Dkt. No. 1 ¶15; *See also* Exhibit A ¶1 and Exhibit B ¶1.

13.     As a result of the Default, Plaintiff's Counsel, Hasbani & Light, P.C., mailed the Defendant a default notice (the "Default Notice") by certified mail on December 18, 2020, which satisfied the default requirement pursuant to the Mortgage.  *See,* ECF Dkt. No. 1 ¶17; Exhibit A ¶34. A copy of the Default Notice is attached hereto as **Exhibit C**.

14.     In support of the Default, Plaintiff submits the attached transaction history (the "Transaction History") as **Exhibit D**.  The Transaction History is an incorporated business record of the Plaintiff which reveals all transactions, including payments received from the Defendants, from inception of the Loan until December 17, 2020, a day before the Default Notice was issued. The Transaction History supports the Default set forth in the Default Notice.  *See* Id.

15.     The Defendants failed to cure the Default identified in the Default Notice. *See,* ECF Dkt. No. 1 ¶ 17.

16.     Plaintiff commenced this action by filing a Complaint on February 3, 2021. *See,* ECF Dkt. No. 1.

17.     On February 24, 2021, Defendants, through counsel, filed an Answer raising thirteen (13) affirmative defenses. *See,* ECF Dkt. No. 12.

---

[1] Our office filed an incorrect copy of the Note with the filing of the Complaint by accident. On May 10, 2022, Plaintiff's lawyers advised counsel for Defendants that the original wet-ink note is available for inspection at our Manhattan office. We have not received a response as of 11am on May 11, 2022.

18.     On February 26, 2021, the Executive Order expired by its own terms. *See* ECF Dkt. No. 23-7 ¶3.

19.     On March 9, 2021, Governor Andrew M. Cuomo signed into law the COVID-19 Emergency Protect Our Small Business Act of 2021 (the "Act") in response to the COVID-19 Pandemic.  *See* ECF Dkt. No. 23-5. *See* also ECF Dkt No. 31-2.

20.     The Act, on its face, provided no mechanism for a foreclosing plaintiff to rebut a mortgagor's alleged asserted hardship.  *See* Id.

21.     Subsequently, and in response to the Act, the Defendants submitted a Hardship Declaration staying the Foreclosure action on April 28, 2021.  A copy of the Hardship Declaration is attached hereto as **Exhibit E**.

22.     On January 15, 2022, the Act expired pursuant to Administrative Order 35-22 ("AO 35-22).  A copy of AO 35-32 is attached hereto as **Exhibit F**.

23.     On June 25, 2021, the parties submitted a letter to the Court Regarding a proposed schedule for Discovery which was accepted by the Court that same day. *See,* ECF Dkt. No. 26.

24.     On September 2, 2021, New York State extended the Act until January 15, 2022 (the "Modified Act").  *See* ECF Dkt No. 31-3.  However, the Modified Act included a provision allowing a foreclosing plaintiff to "file a motion attesting a good faith belief that the defendant has not experienced a hardship, with notice to the defendant, and the court shall grant a hearing to determine whether to find the defendants hardship claim invalid". *See Id*. The Court is then required to conduct a hearing to determine the validity of the mortgagor's alleged hardship.  *Id.*

25.     On October 1, 2021, Plaintiff submitted a letter to the Court setting forth the reasons to which they believe no hardship within the meaning of the Act exists and requesting a

hearing for judicial determination concerning the validity of Simon and Harry's alleged hardship (the "Hardship Determination"). *See,* ECF Docket No. 31.

26. On October 4, 2021, the Court entered an Order which required, in part, the Plaintiff's need to submit a sworn statement as a prerequisite for the Hardship Determination hearing. *See* ECF Dkt. No. 32.

27. As a result, Plaintiff's Hardship Determination hearing request was denied without prejudice. *See* Id.

28. On October 25, 2021, discovery was closed. *See,* ECF Dkt. No. 26.

29. On April 4, 2022, Plaintiff filed a Pre-Motion Letter Concerning Plaintiff's Motion for Summary Judgment requesting a pre-motion conference from the Court to grant it leave to file a Motion for Summary Judgment (the "Pre-Motion Conference Request). *See* ECF Dkt. No. 36.

30. On May 3, 2022, the Court held the conference on Plaintiff's Pre-Motion Conference Request and entered a Minute Entry requiring the parties to file a Joint Status Report by May 6, 2022 and advising whether the parties have agreed to settle. Plaintiff submits this Local Civil Rule 56.1 Statement in support of its Pre-Motion Conference Request as settlement could not be reached with the Defendants as of May 11, 2022. *See* ECF Dkt. No. 39.

Dated: May 11, 2022                                **HASBANI & LIGHT, P.C.**
      New York, New York

                                          */s/ Danielle Light*
                                          Danielle Light, Esq.
                                          450 Seventh Avenue, Suite 1408
                                          New York, New York 10123
                                          (212) 646-6677
                                          Email: dlight@hasbanilight.com
                                          *Counsel for Plaintiff*

# EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,

                                            21-cv-00574-ENV-RLM

                     Plaintiff,

     -against-

LA HACIENDA BUFEIS LLC; MARIA SIMON, HARRY
SIMON, "JOHN DOE" and "JANE DOE" the last two names
being fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in, or lien
upon, the premises described in the complaint,

                     Defendants.
-----------------------------------------------------------------------x

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff GREEN MOUNTAIN HOLDINGS (CAYMAN)

LTD. ("Plaintiff") will and hereby moves this Court for and order i) Granting Plaintiff Summary

Judgment pursuant to Federal Rule of Civil Procedure 56(a); ii) Striking the answer of defendants

LA HACIENDA BUFEIS LLC; MARIA SIMON, and HARRY SIMON (the "Answer"); (iii) For

such other and further relief that this Court may deem just and proper.

     The Motion will be heard on ___*a time and date to be designated by the Court, United States*___

___*District Judge for the Eastern District of New York, located at 225 Cadman Plaza East,*___

___*Brooklyn, New York 11201.*___

     The Motion is based upon this Notice, the concurrently filed Memorandum of Law, the

Declaration of Danielle Light and attached exhibits, the previously filed Rule 56.1 Statement of

Danielle Light, the Affidavit of Steven Daniels, and upon all papers and documents on file herein,

the Court's files concerning this action, together with those facts and documents of which the

parties request judicial notice and/or matters which judicial notice is proper, as well as any oral

argument which may be presented at the time of the hearing.

Dated: New York, New York
      July 29, 2022                                   **HASBANI & LIGHT, P.C.**

                                                  */s/ Danielle P. Light*
                                                  Danielle P. Light, Esq.
                                                  *Counsel for Plaintiff, Green Mountain*
                                                  *Holdings (Cayman) Ltd.*
                                                450 Seventh Avenue, Suite 1408
                                                  New York, New York 10123
                                                  (212) 643-6677
                                                  dlight@hasbanilight.com

# **EXHIBIT I**



**HASBANI &
LIGHT, P.C.**

ATTORNEYS AT LAW

Danielle P. Light, Esq.

450 Seventh Ave, Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

July 29, 2022

<u>**VIA CM/ECF**</u>
Magistrate Judge Roanne. L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:    **Green Mountain Holdings(Cayman) Ltd. v. La Hacienda Bufeis LLC et. al.**
       **Case No.: 1:21-cv-00574**

Dear Judge Mann,

Our office represents the Plaintiff, Green Mountain Holdings (Cayman) Ltd., ("Plaintiff"), in the above-referenced matter. Please allow this letter to serve as Plaintiff's response to the Order dated July 28, 2022.

On May 19, 2022, the Court issued a Scheduling Order for Plaintiff's Motion for SummaryJudgment. The undersigned mistakenly failed to calendar the dates on the Order as it ordinarily would as soon as the Order was issued. As a result, the undersigned missed the deadline to serve and file Plaintiff's Motion for Summary Judgment. It was in no way the intention of the undersigned to flout a judicial order and Plaintiff should not be prejudiced for the error of the undersigned.

Throughout this case, Plaintiff has been actively participating in this case and a representative of Plaintiff was available to the Court whenever it requested a party present. Therefore, there is no pattern of neglect or willful disregard of Court Orders.

When the Court issued the order on July 28, 2022, Plaintiff's counsel realized the error and immediately began working on the Motion in order to comply with the new July 29, 2022 deadline. Plaintiff's counsel also called counsel for Defendants to explain what happened and that, with permission of the Court, Plaintiff would agree to any extension of time needed for counsel to prepare papers in opposition. Counsel stated ten-days was enough time to oppose.

We apologize for the delay and thank the Court for its continued time and consideration.

Respectfully,

*/s/ Danielle P. Light*

# EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD., | |
| Plaintiff, | |
| -*against*- | Case No.: 21-cv-00574-ENV-RLM |
| LA HACIENDA BUFEIS LLC; MARIA SIMON; HARRY SIMON; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint, | DEFENDANTS' RULE 56.1 RESPONSE AND COUNTERSTATEMENT OF MATERIAL FACTS IN DISPUTE |
| Defendants. | |

Defendants La Hacienda Bufeis LLC ("Hacienda"), and individual defendants Maria Simon and Harry Simon ("Individual Defendants" and collectively, "Defendants"), hereby submit the following response and Counterstatement ("56.1 Response and Counterstatement") to Plaintiff's Rule 56.1 Statement (**ECF Dkt. No.: 41**), to which there are genuine issues of material facts to be tried and remain in dispute:

1. Defendants do not dispute the alleged statement of fact contained in paragraph 2 of Plaintiff's Rule 56.1 Statement.

2. Defendants do not dispute the alleged statement of fact contained in paragraph 2 of Plaintiff's Rule 56.1 Statement.

3. Defendants do not dispute the alleged statement of fact contained in paragraph 3 of Plaintiff's Rule 56.1 Statement.

4. Defendants do not dispute the alleged statement of fact contained in paragraph 4 of Plaintiff's Rule 56.1 Statement.

5. Defendants do not dispute the alleged statement of fact contained in paragraph 5 of Plaintiff's Rule 56.1. However, Defendants aver that the document upon which Plaintiff relies

constitute inadmissible hearsay. Specifically, paragraph 5 appears to be a statement of counsel and argumentative without demonstrating any personal knowledge of the record-keeping practices and procedures of the entity that created this business record.

6.      Defendants do not dispute the alleged statement of fact contained in paragraph 6 of Plaintiff's Rule 56.1. Defendants aver that the document upon which Plaintiff relies constitute inadmissible hearsay. Specifically, paragraph 6 appears to be a statement of counsel and argumentative without demonstrating any personal knowledge of the record-keeping practices and procedures of the entity that created this business record. *See* **ECF Dkt. No. 41-1.**

7.      Defendants do not dispute the alleged statement of fact contained in paragraph 7 of Plaintiff's Rule 56.1. Defendants aver that the document upon which Plaintiff relies constitute inadmissible hearsay. Specifically, paragraph 7 appears to be a statement of counsel and argumentative without demonstrating any personal knowledge of the record-keeping practices and procedures of the entity that created this business record. *See* **ECF Dkt. No. 41-2.**

8.      Defendants do not dispute the alleged statement of fact contained in paragraph 8 of Plaintiff's Rule 56.1.

9.      Defendants do not dispute the alleged statement of fact contained in paragraph 9 of Plaintiff's Rule 56.1. Defendants aver that the document upon which Plaintiff relies constitute inadmissible hearsay. Specifically, paragraph 9 appears to be a statement of counsel and argumentative without demonstrating any personal knowledge of the record-keeping practices and procedures of the entity that created this business record. *See* **ECF Dkt. No. 41-2.**

10.     Defendants do not dispute the alleged statement of fact contained in paragraph 10 of Plaintiff's Rule 56.1.

11.     Defendants dispute the alleged statement of fact contained in paragraph 11 of Plaintiff's Rule 56.1. Defendants aver that Plaintiff failed to establish it was in physical possession of the Note and Allonge at the time that it commenced this action. The Note and Allonge were not attached to Plaintiff's complaint. Defendants aver that the documents upon which Plaintiff relies constitute inadmissible hearsay. See **ECF Dkt. No. 1.**

12.     Defendants dispute the alleged statement of fact contained in paragraph 12 of Plaintiff's Rule 56.1 Statement.

13.     Defendants dispute the alleged statement of fact contained in paragraph 13 of Plaintiff's Rule 56.1 Statement. Defendant never received a default notice by certified mail on December 18, 2020. Defendants aver that the documents upon which Plaintiff relies constitute inadmissible hearsay. See **ESCF Dkt. No. 12, ¶ 26** and **Exhibit "1"**.

14.     Defendants dispute the alleged statement of fact contained in paragraph 14 of Plaintiff's Rule 56.1 Statement. Defendants aver that the document upon which Plaintiff relies constitute inadmissible hearsay. Specifically, paragraph 9 appears to be a statement of counsel and argumentative without demonstrating any personal knowledge of the record-keeping practices and procedures of the entity that created this business record. *See* **ECF Dkt. No. 41-4.**

15.     Defendants dispute the alleged statement of fact contained in paragraph 15 of Plaintiff's Rule 56.1 Statement. Defendant never received a default notice by certified mail on December 18, 2020. Defendants aver that the documents upon which Plaintiff relies constitute inadmissible hearsay. See **ESCF Dkt. No. 12, ¶ 26** and **Exhibit 1**.

16.     Defendants do not dispute the alleged statement of fact contained in paragraph 16 of Plaintiff's Rule 56.1 Statement.

17.     Defendants do not dispute the alleged statement of fact contained in paragraph 17 of Plaintiff's Rule 56.1 Statement.

18.     Defendants do not dispute the alleged statement of fact contained in paragraph 18 of Plaintiff's Rule 56.1 Statement.

19.     Defendants do not dispute the alleged statement of fact contained in paragraph 19 of Plaintiff's Rule 56.1 Statement.

20.     Defendants dispute the alleged statement of fact contained in paragraph 20 of Plaintiff's Rule 56.1 Statement. On September 2, 2021, the New York State legislature modified and extended the COVID-19 Emergency Protect Our Small Business Act of 2021 to include a new right for landlords to challenge the validity of a tenant's hardship declaration. See New York State Senate Bill, L 2021, ch. 417 annexed hereto as **Exhibit "2"**.

21.     Defendants do not dispute the alleged statement of fact contained in paragraph 21 of Plaintiff's Rule 56.1 Statement.

22.     Defendants do not dispute the alleged statement of fact contained in paragraph 22 of Plaintiff's Rule 56.1 Statement.

23.     Defendants do not dispute the alleged statement of fact contained in paragraph 23 of Plaintiff's Rule 56.1 Statement.

24.     Defendants do not dispute the alleged statement of fact contained in paragraph 24 of Plaintiff's Rule 56.1 Statement.

25.     Defendants do not dispute the alleged statement of fact contained in paragraph 25 of Plaintiff's Rule 56.1 Statement.

26.     Defendants do not dispute the alleged statement of fact contained in paragraph 26 of Plaintiff's Rule 56.1 Statement.

27.     Defendants do not dispute the alleged statement of fact contained in paragraph 27 of Plaintiff's Rule 56.1 Statement.

28.     Defendants do not dispute the alleged statement of fact contained in paragraph 28 of Plaintiff's Rule 56.1 Statement.

29.     Defendants do not dispute the alleged statement of fact contained in paragraph 29 of Plaintiff's Rule 56.1 Statement.

30.     Defendants do not dispute the alleged statement of fact contained in paragraph 30 of Plaintiff's Rule 56.1 Statement.  However, Defendants believe a settlement can be achieved in the near future, although terms of settlement have not been finalized as of May 11, 2022. See **ECF Dkt. No. 40**.

Dated: May 18, 2022
    Astoria, New York

**BINAKIS LAW, P.C.**
*Attorneys for Defendants*

 /s/ *Dominick J. Callegari*
_____
Dominick J. Callegari, Esq.
*Associate*
28-60 31st Street
Astoria, New York 11102
Ph: 1 (718) 626-2853
Email: binakisattorney@gmail.com

UNITED STATES DISTRICT COURT                    Case No.: 21-cv-00574-ENV-RLM
EASTERN DISTRICT OF NEW YORK

GREEN MOUNTAIN HOLDINGS (CAYMAN) LTD.,

                   Plaintiff,

      *-against-*

LA HACIENDA BUFEIS LLC; MARIA SIMON; HARRY SIMON; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint.

                   Defendants.

## DEFENDANTS' RULE 56.1 RESPONSE AND COUNTERSTATEMENT OF MATERIAL FACTS IN DISPUTE

Dominick J. Callegari, Esq.
BINAKIS LAW, P.C.
28-60 31st Street
Astoria, New York 11102
Ph: 1 (718) 626-2853
Email: binakisp@gmail.com

Signature (Rule 130-1.1-a)

/s/ *Dominick J. Callegari*

_____
Dominick J. Callegari, Esq.

Dated: May 18, 2022

_____