UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

GREEN MOUNTAIN HOLDINGS
(CAYMAN) LTD.,

                            Plaintiff,

            -against-

LA HACIENDA BUFEIS LLC, et al.,

                          Defendants.
-------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21 CV 0574 (ENV)

**POLLAK**, United States Magistrate Judge:

       On February 3, 2021, plaintiff Green Mountain Holdings (Cayman) Ltd. commenced this
foreclosure action pursuant to Section 1301 of New York Real Property Actions and Proceedings
Law, seeking to foreclose on a mortgage encumbering the property located at 41-63 55th Street,
Woodside, New York 11377. The action is brought against defendants La Hacienda Bufeis LLC
("La Hacienda"), the owner of record and obligor under the terms of the Note, Maria Simon, the
sole member of La Hacienda and personal guarantor under the Note, Harry Simon, also a
personal guarantor under the Note, and various John and Jane Does, being the tenants, occupants
or corporations having an interest in or lien on the Property. (Compl.[1] ¶¶ 3-6).

       Currently pending before this Court on referral from the Honorable Eric N. Vitaliano is
plaintiff's motion for summary judgment.[2] For the reasons set forth below, it is respectfully
recommended that plaintiff's motion be granted.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on February 3, 2021, ECF No. 1.
[2] The district court originally referred plaintiff's motion to the Honorable Magistrate Judge
Roanne L. Mann, who has since retired. The case was thereafter reassigned to the undersigned on
October 13, 2022.

FACTUAL BACKGROUND[3]

Plaintiff Green Mountain is a limited company organized under the laws of the Cayman Islands, with its principal place of business located in Miami, Florida.  (Pl.'s 56.1 Stmnt[4] ¶ 1; Compl. ¶ 2).  Defendant La Hacienda is a limited liability corporation, organized under the laws of the State of New York, with its principal place of business located at 56-17 Roosevelt Avenue, Flushing, N.Y. 11377.  (Pl.'s 56.1 Stmnt ¶ 2; Compl. ¶ 3; Defs.' Resp. 56.1 Stmnt[5] ¶¶ 1-2).  Defendant Maria Simon is the sole member of La Hacienda and a citizen of New York.  (Pl.'s 56.1 Stmnt ¶ 3; Compl. ¶ 4; Defs.' Resp. 56.1 Stmnt ¶ 3).  Defendant Harry Simon is also a citizen of New York, with an address of 56-71 Roosevelt Avenue, Flushing, N.Y. 11377.  (Pl.'s 56.1 Stmnt ¶ 4; Compl. ¶ 5; Defs.' Resp. 56.1 Stmnt ¶ 4).

On May 24, 2019, La Hacienda executed a mortgage in favor of M&M Private Lending Group ("M&M") in the amount of $450,000 (the "Mortgage"), secured by the real property located at 41-63 55th Street, Woodside, New York 11377 (the "Property").  (Pl.'s 56.1 Stmnt ¶ 5, Ex. A; Compl. ¶ 10; Defs.' Resp. 56.1 Stmnt ¶ 5[6]).  The Mortgage was recorded on July 18, 2019, in the Office of the City Register, bearing CFRN 2019000227017.  (Pl.'s 56.1 Stmnt ¶ 5; Compl. ¶ 10; Defs.' Resp. 56.1 Stmnt ¶ 5).  Also on May 24, 2019, La Hacienda executed a Note in favor of M&M in the amount of $450,000 (the "Note") (collectively with the Mortgage, the "Loan").  (Pl.'s 56.1 Stmnt ¶ 7; Compl. ¶ 11; Defs.' Resp. 56.1 Stmnt ¶ 7).  The Loan was not a

---

[3] Unless otherwise noted, the following facts are not in dispute.

[4] Citations to "Pl.'s 56.1 Stmnt" refer to the Plaintiff's E.D.N.Y. Local Civil Rule 56.1 Statement of Undisputed Material Facts As To Which There Is No Genuine Issue to be True, dated May 11, 2022, ECF No. 41.

[5] Citations to "Defs.' Resp. 56.1 Stmnt" refer to Defendants' Rule 56.1 Response and Counterstatement of Material Facts in Dispute, filed May 18, 2022, ECF No. 42.

[6] Although defendants do not dispute the assertion in this paragraph of plaintiff's 56.1 Statement, or in paragraphs 6, 7, and 9, defendants contend that the documents relied upon are inadmissible hearsay, a statement of counsel, with no basis for demonstrating personal knowledge of the practices and procedures of the entity that created the record.  (Defs.' Resp. 56.1 Stmnt ¶¶ 5, 6, 7, 9).

residential loan. (Pl.'s 56.1 Stmnt ¶ 6, Ex. A; Defs.' Resp. 56.1 Stmnt ¶ 6). Maria and Harry Simon also executed a Note individually as personal guarantors for the Loan. (Pl.'s 56.1 Stmnt ¶ 9; Compl. ¶ 12; Defs.' Resp. 56.1 Stmnt ¶ 9).

Plaintiff claims that the Note was transferred to plaintiff Green Mountain from M&M by allonge (the "Allonge") and plaintiff received physical possession of the Note on December 18, 2020. (Pl.'s 56.1 Stmnt ¶ 11, Ex. B). Plaintiff asserts that the Note has remained in plaintiff's possession since that time. (Id.) Defendants dispute these claims and argue that plaintiff failed to establish it was in physical possession of the Note and Allonge at the time it commenced the action and that the documents were not attached to the Complaint. (Defs.' Resp. 56.1 Stmnt ¶ 11).

Plaintiff asserts that La Hacienda breached its obligations under the Note by failing to make the payment due on April 1, 2020 and all subsequent payments. (Pl.'s 56.1 Stmnt ¶ 12; Compl. ¶ 15; but see Defs.' Resp. 56.1 Stmnt ¶ 12 (defendants dispute[7])). This failure to make payment caused a default under Paragraph 1 of the Mortgage. (Id.) As a result of the default, on December 18, 2020, plaintiff's counsel mailed La Hacienda a default notice (the "Default Notice") by certified mail, as required by the terms of the Mortgage. (Pl.'s 56.1 Stmnt ¶ 13, Ex. C; Compl. ¶ 17; see Ex. A ¶ 34[8]). Defendants dispute that they ever received a default notice by certified mail on December 18, 2020 and that the documents relied upon by plaintiff are inadmissible hearsay. (Defs.' Resp. 56.1 Stmnt ¶ 13). Plaintiff contends that defendants failed

---

[7] Defendants do not specify what exactly it is that they dispute. They state only that they "dispute the alleged statement of fact contained in paragraph 12 of Plaintiff's Rule 56.1 Statement." (Defs.' Resp. 56.1 Stmnt ¶ 12), and they have not submitted any evidence to demonstrate that the April payment or any subsequent payment was made on the loan.

[8] As explained further below (see infra fn. 21), despite plaintiff's statement that it mailed defendant a default notice, "which satisfied the default requirement pursuant to the Mortgage," (Pl.'s 56.1 Stmnt ¶ 13), the Court notes that sending such a default notice does not appear to be a requirement of default under the Loan.

to cure the default and plaintiff thereafter commenced this action on February 3, 2021.  (Pl.'s 56.1 Stmnt ¶¶ 15, 16; Compl. ¶ 17; but see Defs.' Resp. 56.1 Stmnt ¶ 15 (defendants dispute)).

On February 24, 2021, defendants filed an Answer, raising 13 affirmative defenses. Among other defenses, defendants raised the lack of standing, the failure to satisfy conditions precedent, failure to send required notices, plaintiff's alleged breach of the Loan documents, equitable estoppel, unclean hands, the doctrine of ratification, plaintiff's failure to mitigate damages, and violations of N.Y. Executive Order 202.92.[9]  (Answ.[10] ¶¶ 24-26, 28-33).  In addition, defendants claimed that plaintiff frustrated defendants' performance, that the acceleration of the Loan and imposition of default interest and penalties is unconscionable, and that the Complaint fails to state a claim.  (Answ. ¶¶ 27, 34-36).

On March 7, 2020, Governor Cuomo signed into law Executive Order 202.28,  extending Executive Order 202, which had declared a State disaster emergency for the State of New York due to COVID-19.  (Pl.'s 56.1 Stmnt ¶ 10; Defs.' Resp. 56.1 Stmnt ¶ 10; ECF No. 23-6).  Order 202.28 provided that "[t]here shall be no initiation of a proceeding or enforcement of . . . a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is . . . otherwise facing financial hardship due to the COVID-19 pandemic."  (ECF No. 23-6).  This Order was then further extended by Executive Order 202.92.  (Id.; see ECF No. 23-7).  On February 26, 2021, the Executive Order expired by its own terms and on March 9, 2021, the Governor signed the COVID-19 Emergency Protect Our Small Business Act of 2021 (the "Act").  (Pl.'s 56.1 Stmnt ¶¶ 18, 19; see ECF Nos. 23-5, 31-2; Defs.' Resp. 56.1 Stmnt ¶¶ 18, 19).

---

[9] New York Executive Order 202.92, entitled "Continuing Temporary Suspension and Modification of Laws Relating to Disaster Emergency" was issued on January 27, 2021, and continued the suspension of laws made by Executive Order 202 for thirty days until February 26, 2021.

[10] Citations to "Answ." refer to defendants' Answer, filed on February 24, 2021, ECF No. 12.

On April 28, 2021, defendants submitted a Hardship Declaration pursuant to the Act, staying the Foreclosure Action. (Pl.'s 56.1 Stmnt ¶ 21, Ex. E; Defs.' Resp. 56.1 Stmnt ¶ 21). Under the Act, there was no mechanism for challenging a mortgagor's asserted hardship. (Pl.'s 56.1 Stmnt ¶ 20; but see Defs.' Resp. 56.1 Stmnt ¶ 20 (noting that landlords were subsequently given the right to challenge the validity of the tenant's hardship claim)). On September 2, 2021, the Act was extended to January 15, 2022, and modified to allow a foreclosing plaintiff to file a motion challenging the defendant's claim of hardship. (Pl.'s 56.1 Stmnt ¶ 24; ECF No. 31-3; Defs.' Resp. 56.1 Stmnt ¶ 24). Under the modified Act, the Court is then required to hold a hearing to determine if the hardship claim was valid. (Id.)

In response to plaintiff's letter detailing the reasons plaintiff believed that there was no valid hardship, the Court entered an Order on October 4, 2021, denying the hearing request without prejudice and requiring plaintiff to submit a sworn statement as a prerequisite to the hearing to determine the hardship question. (Id. ¶¶ 25, 26; ECF No. 32; Defs.' Resp. 56.1 Stmnt ¶¶ 25, 26).

The Court had previously approved the parties' proposed discovery schedule on June 25, 2021, with discovery set to close on October 25, 2021. (Pl.'s 56.1 Stmnt ¶¶ 23, 28; ECF Nos. 26; Order, dated June 25, 2021; Defs.' Resp. 56.1 Stmnt ¶¶ 23, 28). On January 15, 2022, the Act expired and on April 4, 2022, plaintiff requested a pre-motion conference seeking leave to file a motion for summary judgment. (Pl.'s 56.1 Stmnt ¶¶ 22, 29; Ex. F; Defs.' Resp. 56.1 Stmnt ¶¶ 22, 29). The instant motion ensued.

DISCUSSION

I.      <u>Summary Judgment</u>

    A.  <u>Summary Judgment Standards</u>

It is well-settled that a party moving for summary judgment has the burden of establishing that there is "no genuine dispute as to any material fact" and that the moving party is therefore entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.</u>, 599 F.3d 102, 114 (2d Cir. 2010).  Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present their case to the jury, <u>see</u> <u>Buck v. Cleary</u>, 345 F. App'x 660, 662 (2d Cir. 2009); <u>Egelston v. State Univ. Coll. at Geneseo</u>, 535 F.2d 752, 754 (2d Cir. 1976); <u>Gibralter v. City of New York</u>, 612 F. Supp. 125, 133-34 (E.D.N.Y. 1985), the court should not grant summary judgment unless "it is quite clear what the truth is" and "there can be but one reasonable conclusion as to the verdict."  <u>Rogoz v. City of Hartford</u>, 796 F.3d 236, 246 (2d Cir. 2015) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 250; <u>Poller v. Columbia Broad. Sys., Inc.</u>, 368 U.S. 464, 467 (1962)).  However, "the mere existence of <u>some</u> alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment."  <u>Garden City Apartments, LLC v. Xcel Plumbing of N.Y., Inc.</u>, 233 F. Supp. 3d 346, 350 (E.D.N.Y. 2017) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 247-48).

Once the moving party discharges its burden of proof, the party opposing summary judgment has the burden of setting forth "'specific facts showing that there is a genuine issue for trial,' wherein 'a reasonable jury could return a verdict for the non-moving party.'"  <u>International Bus. Machs. Corp. v. BGC Partners, Inc.</u>, No. 10 CV 128, 2013 WL 1775367, at *4 (S.D.N.Y.

6

Apr. 25, 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings." Mitsubishi Motor Credit of Am., Inc. v. Country Motors LLC, No. 07 CV 3528, 2008 WL 3200248, at *2 (E.D.N.Y. Aug. 5, 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). Although "[a]ll ambiguities must be resolved, and all inferences drawn, in favor of the non-moving party . . . [t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." Adler v. Kent Vill. Housing Co., 123 F. Supp. 2d 91, 97 (E.D.N.Y. 2000) (citing D'Amico v. City of New York, 132 F.3d 145, 159 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998); Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996)); see also Mhany Mgmt, Inc. v. County of Nassau, 819 F.3d 581, 621 (2d Cir. 2016). Even if a motion for summary judgment is unopposed, the court must still ensure "that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production." Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014).

Federal Rule of Civil Procedure 56 provides that, in moving for summary judgment or responding to such a motion, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Rule 56's "requirement that affidavits be made on

personal knowledge is not satisfied by assertions made 'on information and belief.'" Patterson v. County of Oneida, New York, 375 F.3d 206, 219 (2d Cir. 2004) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988)).  If assertions in an affidavit "are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements," a court may strike those portions of the filing, or decline to consider those portions that are not based on personal knowledge or are otherwise inadmissible.  Serrano v. Cablevision Sys. Corp., 863 F. Supp. 2d 157, 163 (E.D.N.Y. 2012) (citations omitted).  While the Court need consider only the materials cited by the parties, it may consider any other materials in the record in deciding a motion for summary judgment.  Fed. R. Civ. P. 56(c)(3).

    B.  Mortgage Foreclosure Actions

    Under New York law, a mortgage is "merely security for a debt or other obligation." United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991) (internal citations omitted); see also Matter of Rivera v. Blum, 98 Misc. 2d 1002, 1008, 420 N.Y.S.2d 304, 308 (N.Y. Sup. Ct. 1978) (noting that a mortgage is the security for a debt that represents a lien on the mortgaged property).  The "'mortgagor is bound by the terms of his contract as made'" and, in the event of a default, cannot be relieved from the default unless waived by the mortgagee, or where there is "'estoppel, or bad faith, fraud, oppressive or unconscionable conduct'" on the part of the mortgagee.  United States v. Freidus, 769 F. Supp. at 1276 (quoting Nassau Tr. Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 183, 436 N.E.2d 1265, 1269, 451 N.Y.S.2d 663, 667 (1982)).  Thus, in actions to foreclose upon a mortgage, the plaintiff must demonstrate three elements:  (1) the existence of the mortgage and mortgage note, (2) ownership of the mortgage, and (3) the defendant's default in payment on the loan.  Campaign v. Barba, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005); see also United States v. Freidus, 769 F.

Supp. at 1277 (holding that foreclosure actions require "proof of the existence of an obligation secured by a mortgage, and a default on that obligation"). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to a judgment of foreclosure. See Fleet Nat'l Bank v. Olasov, 16 A.D.3d 374, 374, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (citing cases); see also OneWest Bank, N.A. v. Cole, No. 14 CV 3078, 2015 WL 4429014, at *5 (E.D.N.Y. April 17, 2015), report and recommendation adopted, 2015 WL 4429014 (E.D.N.Y. July 17, 2015).

Additionally, "where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent." Deutche Bank Natl. Trust Co. Ams. v. Banu, 205 A.D.3d 887, 889-90, 169 N.Y.S.3d 318, 320-21 (2d Dep't 2022) (finding that "plaintiff failed to establish its prima facie entitlement to judgment as a matter of law" where plaintiff failed to submit evidence that it complied with the mortgage's notice of default provisions). After plaintiff establishes its prima facie entitlement to judgment, the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims. Fleet Nat'l Bank v. Olasov, 16 A.D.3d at 374, 793 N.Y.S.2d at 52; see also Gustavia Home, LLC v. Rutty, 720 F. App'x 27, 28 (2d Cir. 2017) (summary order); U.S. Bank Trust Nat'l Ass'n Tr. v. Butti, 16 A.D.3d 408, 408, 792 N.Y.S.2d 505, 506 (2d Dep't 2005); Republic Nat'l Bank of N.Y. v. O'Kane, 308 A.D.2d 482, 482, 764 N.Y.S.2d 635, 635 (2d Dep't 2003).

For the reasons stated further below, the Court respectfully recommends that plaintiff's request for a judgment of foreclosure and sale be granted.

C. The Parties' Submissions and Compliance with Local Rules

In moving for summary judgment, plaintiff has provided, inter alia, the Affidavit of Steven Daniels, Vice President of Green Mountain, attesting to defendants' default under the terms of the Note and Mortgage, along with copies of the duly executed Promissory Note, Allonge to Note, and Mortgage and Security Agreement, including the Assignment of Mortgage. (See Daniels Aff.,[11] Exs. A, B;[12] see also Light Decl.[13]).  According to the Affidavit of Mr. Daniels, he reviewed Green Mountain's business records relating to the Loan at issue and he attests to his familiarity with Green Mountain's office practices and procedures.  (Daniels Aff. ¶¶ 5, 7).  According to his Affidavit, the records relating to the mortgage loan were "made at or near the time of events or activities reflected in such records by, or from information provided by, persons with knowledge of the activities and the transactions reflected in such records and are kept in the ordinary course of business activity conducted regularly by Green Mountain."  (Id. ¶ 5).  Mr. Daniels represents that the facts set forth in his Affidavit are based on his own personal knowledge and personal examination of Green Mountain's records.  (Id. ¶ 7).

Plaintiff argues that the documents attached to the Complaint and provided by Mr. Daniels "establish both the existence of an obligation and a default thereunder" and that

---

[11] Citations to "Daniels Aff." refer to the Affidavit of Steven Daniels in Support of Plaintiff's Motion for Summary Judgment, dated July 28, 2022, ECF No. 48-2.

[12] Exhibits A and B were attached to plaintiff's first filing of its motion for summary judgment on July 29, 2022.  See ECF No. 44.  However, the Court struck the motion from the docket for being improperly docketed in violation of the district court's bundling rule and an earlier scheduling order. (Order, dated Aug. 1, 2022).  Plaintiff re-filed its motion, including the same Daniels Affidavit and the Promissory Note, Allonge to Note, and Mortgage and Security Agreement.  However, they are not labeled as "Exhibit A" or "Exhibit B."  Thus, citations to "Exs. A, B" refer to the refiled exhibits, ECF Nos. 48-4, 48-5.

[13] Citations to "Light Decl." refer to the Declaration of Danielle P. Light, Esq., dated July 29, 2022, ECF No 48-3.

therefore, plaintiff is entitled to summary judgment. (Pl.'s Mem.[14] at 5 (citing cases)). The Court agrees.

Mr. Daniels attests to the fact that "Green Mountain is the current owner and holder of the Mortgage and Note described in the Complaint," and he attaches copies of each which he represents are "[t]rue and correct copies of the Note and Mortgage." (Id. ¶ 8, Exs. A, B). Further, he states that the Note, containing an affixed allonge to Green Mountain, was physically delivered to plaintiff on December 18, 2020. (Id.) Mr. Daniels further attests to defendants' default under the Loan, noting that although payment was due on April 1, 2020, no payment has been made despite plaintiff's demand. (Id. ¶ 9). He further represents that as of the date of his affidavit – July 28, 2022 – the principal balance owed on the Note was $558,609.75. (Id.) He asserts that the daily rate of interest is $372.41, with a total interest amount due of $324,366.06, accruing between March 1, 2020 and July 28, 2022. (Id.)

Since plaintiff has satisfied its burden to demonstrate the existence of the Mortgage and Note, ownership of the Mortgage, and the defendants' default on the payments under the Loan, plaintiff has established its prima facie entitlement to a judgment of foreclosure. See Regency Savings Bank, F.S.B. v. Merritt Park Lands Associates, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001) (stating that "[u]nder New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note"). The burden then shifts to defendant to show that there are triable issues of fact with respect to plaintiff's foreclosure action. Fleet Nat'l Bank v. Olasov, 16 A.D.3d at 374, 793 N.Y.S.2d at 52; see also Builders

---

[14] Citations to "Pl.'s Mem." refer to the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, filed August 19, 2022, ECF No. 48.

Bank v. Charm Devel. II, LLC, Nos. 09 CV 3935, 09 CV 4410, 2010 WL 3463142, at *3 (E.D.N.Y. Aug. 30, 2010).

In response to plaintiff's motion for summary judgment, defendants submitted only a Declaration from Dominick J. Callegari, Esq., defendants' attorney of record, in Opposition to Plaintiff's Motion for Summary Judgment, along with a number of exhibits that consist of a copy of the docket sheet for this action and other filings in this case, such as defendants' Answer. (Callegari Decl.[15]). The Declaration focuses largely on the procedural history of the case and does not provide any evidentiary support for challenging plaintiff's evidence demonstrating (1) the existence of the mortgage and note, (2) ownership of the mortgage, and (3) the defendant's default in payment on the loan. Indeed, none of the defendants provided sworn statements in response to plaintiff's motion.

1) Plaintiff's Noncompliance with Prior Court Orders

In the Declaration, Mr. Callegari recites a number of instances when plaintiff's counsel failed to comply with various orders from the Court. (Id. ¶¶ 19-21, 23, 26-27, 31-36, 38). None of these procedural failures on the part of plaintiff's counsel address the substance of plaintiff's motion for summary judgment, nor do any of Magistrate Judge Mann's prior Orders prohibit plaintiff from filing the instant motion. Indeed, on August 1, 2022, Judge Mann directed the parties to file the motion papers in accordance with the following schedule: plaintiff's moving papers "were deemed to have been served" on August 1, 2022; defendant's response was to be served by August 11, 2022; and plaintiff's reply papers were to be served by August 19, 2022. Thus, plaintiff's prior issues of noncompliance with unrelated court orders does not provide a basis upon which this Court could recommend denial of the motion for summary judgment.

_____

[15] Citations to "Callegari Decl." refer to the Declaration of Dominick J. Callegari in Opposition to Plaintiff's Motion for Summary Judgment, dated August 11, 2022, ECF No. 49.

2) <u>Plaintiff's Alleged Failure to Provide a Rule 56.1 Statement</u>

Defendants' counsel, in the final paragraph of his Declaration, objects to the motion for summary judgment, stating: "No Rule 56.1 Statement was included in Plaintiff's motion." (<u>Id.</u> ¶ 39). Failure to file a Rule 56.1 Statement would be fatal in proceeding with a motion for summary judgment. <u>See</u> Local Rule 56.1(b). The Local Rule explicitly states that the moving party's "[f]ailure to submit such a statement may constitute grounds for denial of the motion." Local Rule 56.1(a). <u>See</u> <u>Misla v. CVS Pharmacy, Inc.</u>, No. 99 CV 9989, 2001 WL 637384, at *2 (S.D.N.Y. June 8, 2001) (denying defendant's motion for summary judgment based on a failure to comply with Local Civil Rule 56.1); <u>Grant v. City of New York</u>, No. 91 CV 4266, 1992 WL 77562, at *4 (S.D.N.Y. Mar. 25, 1992) (denying defendant's motion based on his failure to supply the required Rule 3(g) statement[16] with the initial motion, even though the statement was submitted at the time the reply was filed).

However, in this case, plaintiff had previously filed a Rule 56.1 Statement on May 11, 2022 in support of its premotion conference request, pursuant to an Order of the Court issued on May 3, 2022.[17] (ECF No. 41). Thus, the plaintiff has complied with Local Rule 56.1 and filed all necessary documents.

3) <u>Defendants' Noncompliance with Local Rule 7.1</u>

Although defendants complain about plaintiff's noncompliance with Rule 56 and prior court orders, it is clear that, in responding to plaintiff's motion, the defendants failed to file a memorandum of law or any other supporting documentation as required by Local Rule 7.1; all they filed was the Declaration of Mr. Callegari, which lacked any references to legal authority

---

[16] Local Civil Rule 3(g) was the predecessor to the current Local Civil Rule 56.1 and contained essentially the same provisions.

[17] The Court's Order striking plaintiff's first Motion for Summary Judgment, as mentioned <u>supra</u>, in fn. 12, did not strike the plaintiff's May Rule 56.1 Statement. (Order, dated Aug. 1, 2022).

and failed to provide a basis for denying plaintiff's motion for summary judgment. Local Rule 7.1(a)(2) and (3) require that, except for letter-motions or unless otherwise permitted by the Court,[18] motion papers shall include a memorandum of law "setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined" and "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Oppositions and replies must also comply with Local Rule 7.1(a)(2) and (3). See Local Rule 7.1(b) (stating that except for letter-motions or "as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3)").

Where a party fails to file a memorandum of law with legal authority in opposing a motion, courts have held that the opposing party is "deemed to have 'consented' to the legal arguments put forth in [the moving party's] memorandum of law." Augusiewicz v. Trans Union, LLC, No. 15 CV 5827, 2017 U.S. Dist. LEXIS 125458, at *10 (E.D.N.Y. Aug. 7, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 136430 (E.D.N.Y. Aug. 23, 2017); Perceptron, Inc. v. Silicon Video, Inc., No. 06 CV 0412, 2010 WL 3463098, at *2 (N.D.N.Y. Aug. 27, 2010) (stating that a non-movant has consented to the legal arguments contained in the moving party's properly filed "memorandum of law (in support of a properly filed motion for summary judgment)" where "the non-movant has failed to respond to that memorandum of law").

Apart from failing to provide the Court with a Memorandum of Law addressing the legal authorities upon which defendants rely in opposing the motion, the defendants have also failed to

---

[18] Here, there was no Order from the Court permitting defendants to forgo filing a memorandum of law.

provide any evidentiary support for their opposition to plaintiff's summary judgment motion, relying solely on the representations of counsel which do not address the elements required to satisfy plaintiff's burden on this motion seeking foreclosure.

Given that defendants have failed to submit any legal authority or any "[s]upporting affidavits and exhibits thereto" that contain factual information necessary to inform the Court's decision on the motion, they are deemed to have consented to the "legal arguments" advanced by the plaintiff. Plaintiff has satisfied its burden to present a prima facie case and defendants have failed to comply with the Local Rules; thus, the Court could recommend granting the motion for summary judgment on this basis. See Augusiewicz v. Trans Union, LLC, 2017 U.S. Dist. LEXIS 125458, at *10 (deciding defendant's motion for summary judgment based upon defendant's 56.1 statement and memorandum of law, where plaintiff submitted no memorandum of law and only an affidavit containing no supporting statutory or legal authority).

However, the Court has nevertheless reviewed the parties' submissions, including the Rule 56.1 Statements, the affidavits and exhibits submitted by both parties, and respectfully recommends that the plaintiff's motion for summary judgment be granted because there is no genuine dispute as to any material facts that would prevent foreclosure in this case. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (stating that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"); cf. Levine v. Sears Roebuck & Co., Inc., 200 F. Supp. 2d 180, 182, n.2 (E.D.N.Y. 2002) (noting that a failure to comply with the Local Rule by both parties to file a Statement of Material Facts may justify a denial of the motion, but deciding to entertain the motion based upon the parties' submission of affidavits, deposition transcripts, and exhibits); Locurto v. Jevic Transp., Inc., No. 99 CV 2314, 2003 WL 1193524, at *1 (E.D.N.Y. Jan. 30, 2003) (same).

D. Defendants' Possible Affirmative Defenses

Although plaintiff has not moved to formally dismiss or strike defendants' remaining affirmative defenses, plaintiff, in an excess of caution, has analyzed each of the defendants' affirmative defenses. Plaintiff contends that defendants, by failing to make an affirmative showing of a factual and legal basis supporting the defenses, cannot rely on these defenses to defeat summary judgment. While the Court finds that there are no material issues of fact in dispute and defendants have failed to provide a basis on which to deny plaintiff's motion for summary judgment, the Court nevertheless briefly addresses the arguments relating to the affirmative defenses.

1) Defendants' First Affirmative Defense: Plaintiff's Standing

In their Answer, defendants assert as a First Affirmative Defense that plaintiff lacks standing to bring this foreclosure action. (Answ. ¶ 24). Although defendants have not provided any legal authority or factual basis for challenging plaintiff's standing, the Court has considered the issue because the issue of standing is vital to this Court's jurisdiction to review the motion.

"Where standing is raised as a defense by the defendant, the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief." U.S. Bank, Nat'l Ass'n v. Sharif, 89 A.D.3d 723, 724, 933 N.Y.S.2d 293, 295 (2d Dep't 2011) (citing cases) (quoting Kluge v. Fugazy, 145 A.D.2d 537, 538, 536 N.Y.S.2d 92, 93 (2d Dep't 1988) (finding that "foreclosure of a mortgage may not be brought by one who has no title to it")). The plaintiff will have standing in a mortgage foreclosure action "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 279, 926 N.Y.S.2d 532, 537 (2d Dep't 2011); see also Gustavia Home, LLC v. Rutty, 720 F. App'x 27, 28-29 (2d Cir. 2017) (stating "[w]here . . . the defendant contests standing to foreclose . . . the plaintiff must

additionally demonstrate that it was the holder or assignee of the mortgage and note when the action was commenced") (citing Wells Fargo Bank, N.A. v. Walker, 35 N.Y.S.3d 591, 592-93, 141 A.D.3d 986, 987 (3d Dep't 2016)).

Under New York's Uniform Commercial Code,

> [a] 'holder' is 'a person who is in possession of . . . an instrument . . . issued or indorsed to him or to his order or to bearer or in blank.' 'Negotiation is the transfer of an instrument in such form that the transferee becomes a holder.' The mechanism of negotiation depends upon the form in which the instrument was originally made or drawn, or in which it has been subsequently indorsed. Thus, '[i]f the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery.'

Bank of N.Y. Mellon v. Deane, 41 Misc.3d 494, 499, 970 N.Y.S.2d 427, 432 (N.Y. Sup. Ct. 2013) (citing N.Y. U.C.C. §§ 1-201[20], 3-202[1], 3-204). Accordingly, a mortgage may be transferred through physical delivery, without a written instrument or assignment, as long as the transferor intends to transfer the mortgage to the transferee. See Deutsche Bank Nat'l Trust Co. v. McRae, 27 Misc.3d 247, 250, 894 N.Y.S.2d 720, 722 (N.Y. Sup. Ct. 2010); see also United States Bank, N.A. v. Squadron VCD, LLC, 504 Fed. Appx. 30, 33 (2d Cir. 2012) (summary order). Further, the production of a note with an allonge in blank, constitutes prima facie evidence of the delivery of the note to plaintiff and plaintiff's legal right to enforce it. HSBC Bank USA, Nat'l Ass'n v. Schwartz, Index No. 10707/09, 2010 WL 4936370, at *2 (N.Y. Sup. Ct. Nov. 22, 2010) (citing Hays v. Hathorn, 74 N.Y. 486 (1878) (noting, however, that this prima facie showing can be rebutted by defendants)); see also Wells Fargo Bank, N.A. v. Tricario, 180 A.D.3d 848, 850, 119 N.Y.S.3d 139, 142 (2d Dep't 2020) (finding that plaintiff had established standing where attached to the complaint "was a copy of the underlying note, stamped with a specific endorsement . . . , to which was annexed an allonge bearing an endorsement in blank").

In this case, defendants raised the issue of standing as an affirmative defense, contending that there remains a genuine issue of material fact as to whether plaintiff has standing to seek foreclosure as the true owner and holder of the Note and Mortgage.

However, in support of its standing, plaintiff has submitted the Affidavit of Mr. Daniels, Vice President of Green Mountain, representing that plaintiff is in physical possession of the wet-ink Note, along with the Allonge transferring the Note from the original holder to Green Mountain. (Daniels Aff. ¶ 8; Compl. ¶ 14). Mr. Daniels attests that the Note, with the Allonge, was physically delivered to plaintiff on December 18, 2020. (Daniels Aff. ¶ 8). In addition, plaintiff has submitted copies of the Note and Allonge in connection with the motion for summary judgment.[19] Thus, plaintiff contends that this affirmative defense challenging standing is without merit because plaintiff received physical possession of the Note with Allonge, on December 18, 2020, which is approximately a month and a half before the Complaint was filed. (Pl.'s Mem. at 6).

New York law is clear that "the dispositive instrument that conveys standing to foreclose" is the note, Aurora Loan Servs. LLC v. Taylor, 25 N.Y.3d 355, 361, 34 N.E.3d 363, 366, 12 N.Y.S.3d 612, 615 (2015), and once the note is transferred, "the mortgage passes as an incident to the note." CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC, No. 15 CV 8618, 2017 WL 2819867, at *5 (S.D.N.Y. June 28, 2017) (quoting Aurora Loan Servs. LLC v. Taylor, 25 N.Y.3d at 361, 34 N.E.3d at 366, 12 N.Y.S.3d at 615).

---

[19] In defendants' response to Plaintiff's 56.1 Statement, defendants challenge the documents submitted by plaintiff as inadmissible hearsay because they were only supported by a statement of counsel, with no basis for demonstrating personal knowledge of the practices and procedures of the entity that created the record. (See, e.g., Defs.' Resp. 56.1 Stmnt ¶ 5). However, as is made clear in the Daniels Affidavit, Mr. Daniels is not plaintiff's counsel but rather is a Vice President of the plaintiff, familiar with the business records and records keeping practices of the plaintiff. (Daniels Aff. ¶¶ 1,5). Thus, this objection is without merit.

Thus, given the Daniels Affidavit and documents attached thereto, there appears to be no basis on which to challenge plaintiff's standing to bring this foreclosure action.

2) Defendants' Remaining Affirmative Defenses (Two through Thirteen)

a) Defendants' Second and Third Affirmative Defenses:  Notice of Default

Pointing to the defendants' second and third affirmative defenses, asserting that plaintiff failed to satisfy conditions precedent and failed to send the required notices of default, plaintiff contends that defendants have failed to show that plaintiff did not send La Hacienda a thirty-day notice pre-foreclosure on December 18, 2020.  (Pl.'s Mem. at 7).  Plaintiff asserts that it complied by advising the mortgagor and giving them 30 days to cure.  (Id.)  Indeed, in support of its position that it has fully complied with its notice obligations, plaintiff provided, as an attachment to both its Complaint and its Rule 56.1 statement, the December 18, 2020 letter that it sent to defendants to notify them of their default.  (Compl., Ex. D; Pl.'s 56.1 Stmnt, Ex. C, ECF No. 41-3).

"Under New York law, failure to comply with a condition precedent enumerated in a mortgage agreement is an affirmative defense to a mortgage foreclosure action." OneWest Bank, NA v. Rubio, No. 14 CV 3800, 2015 WL 5037111, at *2 (S.D.N.Y Aug. 26, 2015). Moreover, compliance with a condition precedent in a mortgage agreement, such as mailing a default notice, cannot be established merely by "unsubstantiated and conclusory" allegations. CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC, No. 15 CV 8618, 2017 WL 2819867, at *4 (S.D.N.Y. June 28, 2017) (collecting cases) (citation omitted).  In this case, Mr. Daniels has attested in his affidavit to his familiarity with plaintiff's business practices and has provided a copy of the December 18, 2020 letter informing defendants of their default, as a business record of plaintiff.  Admittedly, plaintiff has not provided evidence of the actual mailing, and Mr.

Daniels does not state in his affidavit that such a notice was mailed out or that plaintiff has a regular practice of mailing out such notices.

However, a review of the loan documents demonstrates that providing a notice of default was not a condition precedent to recovery in the event of a default.[20]  Paragraph six of the Note provides that "[i]t is expressly agreed the Lender is not required to serve a Notice of Default." (ECF No. 48-4 at 2).  Instead, under the terms of the Mortgage and Note, the outstanding amount becomes due when an "Event of Default" occurs.  (See ECF No. 48-5 at 11, ¶ 34 (providing that "[t]he whole of a principal sum of the indebtedness secured by this Mortgage and interest thereon . . . shall become due, at the option of the Mortgagee, if . . . (an 'Event of Default') shall happen")).  Neither the Mortgage nor Note requires that a notice of default be sent for the defaulted amount to be due.[21]

---

[20] Moreover, because this was not a residential mortgage, the notice provision set out in RPAPL § 1304 and the pre-foreclosure filing requirements in RPAPL § 1306 do not apply.  See RPAPL § 1304 (setting out certain notice requirements for a "home loan"); NY RPAPL § 1306 (requiring certain information filed within three business days of mailing either a Section 1304 notice or notice required pursuant to U.C.C. § 9-611(f), relating to cooperative interests).

[21] Plaintiff states in its Rule 56.1 statement that it mailed a default notice as required by the terms of the Mortgage, citing to paragraph 34 of the Mortgage.  (Pl.'s 56.1 Stmnt ¶ 13).  Paragraph 34 lists numerous ways under which an Event of Default occurs.  Having reviewed the Mortgage Agreement, it is unclear to the Court which subsection of paragraph requires such a 30-day notice in the event of the type of default at issue here.  Some of the subsections require a 15-day or 30-day notice, but not of the kind that appears to be at issue here.  For example, under Paragraph 34(f), an Event of Default occurs where the Mortgagor fails to maintain certain improvements on the premises after 30 days of notice.  In its Memorandum of Law, plaintiff cites more specifically to Paragraph 34(k), which the Court also finds is not applicable here:  "Failure of Mortgagor to repay to Mortgagee, on demand, any amount which Mortgagee may have paid on the Mortgage with interest thereon, or failure to perform any other covenant or condition of the Mortgage."  Rather, Paragraph 34(a) provides that an Event of Default also occurs when there is an Event of Default under the Note, which in turn includes in its definition of an Event of Default, "[f]ailure to make any payment as or when required by the terms herein."  (ECF No. 48-5 at 11, ¶ 34(a); ECF No. 48-4 at 2, ¶ 5).  Given the express disclaimer of any notice requirement in the Note itself, it is unclear whether such notice needed to be provided.  Even if required, however, defendants have failed to provide any evidence or even an assertion that the December 18, 2020 letter was not received.

Here, not only have defendants failed to provide a sworn affidavit from someone with knowledge, apart from their attorney, attesting to the non-receipt of the December 18, 2020 letter, but they have also failed to cite to any specific clause in either the Note or Mortgage that requires the provision of any notice, much less the 30-day notice that they assert was not provided.

Accordingly, these affirmative defenses fail to defeat plaintiff's summary judgment motion.  See Regency Savings Bank v. Merritt Park 139 F. Supp. 2d 462, 468-69 (S.D.N.Y. 2001) (granting plaintiff's motion for summary judgment and ordering foreclosure even where it appeared likely that plaintiff did not abide by one of the Mortgage's notice requirements because providing such notice was not a condition precedent to commencing the foreclosure action).

  b)  Defendants' Fourth Affirmative Defense

With respect to the fourth affirmative defense – namely, that plaintiff has failed to make the necessary showing of an obligation and default on that obligation (Answ. ¶ 27) – plaintiff contends that where, as here, plaintiff has produced the Note and Mortgage along with proof that the Mortgagor failed to make payments under the Note, the defense is without merit and summary judgment is appropriate.  (Pl.'s Mem. at 4-5 (citing Builders Bank v. Charm Developments II, LLC, 2010 WL 3463142, at *2).

Here, as noted above, plaintiff has provided a copy of the Note and Mortgage along with the statement of Mr. Daniels, who has reviewed the records and attested to the defendants' failure to make payments due on the Note beginning in April 2020.  See Builders Bank v. Charm Devel. II, LLC, 2010 WL 3463142, at *2.  Although defendants' Answer alleges that plaintiff had not made the requisite showing, the blanket unsupported assertion in the Answer is not sufficient.  M&T Mortg. Corp. v. White, 736 F. Supp. 2d 538, 552 (E.D.N.Y. 2010) (noting "[t]o

avoid summary judgment, the non-movant must set forth specific factual allegations"). Defendants had ample opportunity to respond to the motion for summary judgment and submit legal authority and facts in support of their affirmative defenses. They chose not to.

Accordingly, without further evidence, this mere allegation of a defense is not a sufficient basis to warrant denial of the motion for summary judgment. <u>See</u> <u>id.</u> at 552 (stating "conclusory, *ipse dixit* assertions are not sufficient to defeat summary judgment") (citing <u>Western World Ins. Co. v. Stack Oil Inc.</u>, 922 F.2d 118, 121 (2d Cir. 1990)).

    c)  <u>Fifth Affirmative Defense</u>

In their fifth affirmative defense, defendants assert that the action was filed in violation of the COVID Executive Order. (Answ. ¶ 28). However, plaintiff argues that the moratorium on foreclosure actions implemented in accordance with the Act expired on January 15, 2022 and is no longer in effect. (Pl.'s Mem. at 8). Even though this action was commenced prior to the implementation of the moratorium, plaintiff, through counsel, mailed a COVID-Hardship Declaration to defendants, which they executed on April 27, 2021, allowing them an opportunity to stay the action. (<u>Id.</u>) Since the action was thereafter stayed and plaintiff complied with the COVID related laws that were placed in effect, plaintiff asserts that this fifth affirmative defense is without merit and should not prevent summary judgment in plaintiff's favor. The Court agrees. Additionally, again, defendants have not submitted any legal authority in support of this affirmative defense, let alone any mention of this defense, in their response to plaintiff's summary judgment motion.

    d)  <u>Sixth and Eleventh Affirmative Defenses</u>

With respect to defendants' sixth affirmative defense that plaintiff breached the Loan documents (Answ. ¶ 29), in the absence of any particulars with respect to how plaintiff

committed a breach, the defense lacks merit, is merely conclusory, and insufficient to defeat

plaintiff's motion for summary judgment.  (Id. at 9).  In their Answer, defendants state only that

"[t]he Complaint is barred because Plaintiff materially breached the loan documents and/or failed

to comply with the terms of the loan documents."  (Answ. ¶ 29).  However, in opposing the

motion for summary judgment, defendants not only fail to mention this defense, they do not

assert any of the elements necessary to prevail on a breach of contract claim under New York

Law.  See Fischer v. Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011) (setting

forth the elements necessary to demonstrate breach of contract:  (1) an agreement, (2) adequate

performance, (3) breach, and (4) damages).

Moreover, for the same reasons, defendants' eleventh affirmative defense that "[p]laintiff

frustrated and/or prevented Defendants' performance" fails because defendants have not

provided any evidentiary support to demonstrate what actions plaintiff allegedly took to frustrate

defendants' performance.  (Answ. ¶ 34).

e) Seventh Affirmative Defense

 Similarly, defendants' seventh affirmative defense of equitable estoppel, is equally

conclusory.  (Answ. ¶ 30).  Again, not only do defendants fail to address this defense in their

opposition to the motion for summary judgment, but defendants have not provided any facts to

suggest that plaintiff engaged in any conduct upon which defendants justifiably relied, which

then misled them into acting under the belief that plaintiff would not move to enforce the

provisions of the Note and Mortgage.  See Readco, Inc. v. Marine Midland Bank, 81 F.3d 295,

301 (2d Cir. 1996) (defining equitable estoppel as seeking to "prevent the enforcement of rights

which would work fraud or injustice upon the person against whom enforcement is sought and

who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought").

### f) Eighth Affirmative Defense

Plaintiff asserts that the eighth affirmative defense of unclean hands (Answ. ¶ 31) is not a valid defense in this foreclosure action. (Pl.'s Mem. at 10 (citing Jo Ann Homes at Bellmore, Inc. v. Dworetz, 25 N.Y.2d 112, 122, 250 N.E.2d 214, 219, 302 N.Y.S.2d 799, 806 (1969) (holding that a foreclosure proceeding is different from other actions in equity and the doctrine of unclean hands is not available to set aside a mortgage even if the underlying transaction was tainted by misrepresentation))); see also OneWest Bank, N.A. v. Melina, No. 14 CV 5290, 2015 WL 5098635, at *5 (E.D.N.Y. Aug. 31, 2015) (finding that the defense of unclean hands "fails as a matter of law" in foreclosure action).

Although some courts have permitted defendants to assert an unclean hands defense in certain foreclosure actions, see, e.g., Eastern Savings Bank v. Johnson, No. 13 CV 6070, 2022 U.S. Dist. LEXIS 65634, at *18 (E.D.N.Y. Jan. 31, 2022) (collecting cases),[22] even if unclean hands was a valid defense here, defendants, as the party with the burden of demonstrating the elements for an unclean hands defense, have failed to assert any facts sufficient to overcome the motion for summary judgment. See Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d 71, 89-90 (E.D.N.Y. 2019) (rejecting unclean hands defense in foreclosure action where defendants made only conclusory statements in their answer). Here, defendants only raise this as an affirmative defense, asserting without specificity that the "action is barred, in whole or in part, by the doctrine of unclean hands." (Answ. ¶ 31).

---

[22] The Eastern Savings Bank court observed that "[a]lthough the bounds of the unclean hands doctrine have not been clearly defined, courts have allowed defendants to assert the defense to prevent foreclosures where plaintiffs engaged in predatory or discriminatory lending practices." 2022 U.S. Dist. LEXIS 65634, at *18 (collecting cases).

g)  Ninth and Tenth Affirmative Defenses

Similarly, the tenth affirmative defense asserting that plaintiff failed to mitigate damages (Answ. ¶ 33), is "not an affirmative defense to a foreclosure action."  CIT Bank, N.A. v. Nwanganga, 328 F. Supp. 3d 189, 199 (S.D.N.Y. 2018); see also Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d at 89.  Furthermore, in the absence of any facts demonstrating how the ninth affirmative defense of ratification (Answ. ¶ 32) applies in this case, this defense is also not a bar to summary judgment.  See Brown v. City of S. Burlington, Vt., 393 F.3d 337, 343-44 (2d Cir. 2004); Eastern Savings Bank v. Johnson, 2022 U.S. Dist. LEXIS 65634, at *15 n.9.

h)  Twelfth Affirmative Defense

Finally,[23] the twelfth affirmative defense that "[t]he purported acceleration of the loan and imposition of" default penalties "are an unconscionable penalty" is unsupported by any facts. (Answ. ¶ 35).  Thus, to the extent that defendants claim the imposition of default interest and penalties are unconscionable, there has been no factual or legal support upon which the Court could consider such a defense.

Although the Court has recommended granting summary judgment in favor of plaintiff based on defendants' failure to comply with Local Rule 7.1 and the absence of any evidence that there are material issues of fact in dispute, the Court has also considered all of the Affirmative Defenses set forth in defendants' Answer and finds that, in the absence of additional factual and legal support, defendants' asserted defenses alone are not sufficient to deny plaintiff's motion for summary judgment.

---

[23] Defendants raise as their thirteenth affirmative defense that they "reserve the right to assert additional defenses as they become known."  (Answ. ¶ 36).  This is not a valid affirmative defense that would defeat summary judgment.

II.     Damages

In his affidavit, Mr. Daniels indicates that the total principal and interest due as of the date of the affidavit (July 28, 2022) is $811,622.25.  (Daniels Aff. ¶ 9).  Other than Mr. Daniels' affidavit, plaintiff has provided no other evidence in support of its damages calculations that would allow the Court to verify that the current outstanding balance at the time of the affidavit was indeed $811,622.25 or what the balance would be to date.  Nor does the December 18, 2020 default notice letter contain sufficient information to allow the Court to determine a total damages amount, including interest.  For example, the notice letter sent to defendants states that as of December 30, 2022, the remaining principal balance is $450,000, plus unpaid accrued interest of $60,918.29 and unpaid fees.  (ECF No. 41-3).  With the interest rate set at 11.5% (see Note), the amount of unpaid accrued interest by December 30, 2022 should have been more than $60,918.29.[24]  The discrepancy could potentially be explained by any payments defendants potentially made on the interest prior to their default.  Indeed, plaintiff alleges that the loan was due for payment on April 1, 2020 with interest due from March 1, 2020, suggesting that defendants had made some payments prior to that default date.  However, plaintiff does not explain what payments, if any, defendants made prior to their default.  Thus, the Court cannot verify the principal balance owed.  Consequently, the Court cannot verify the amount of interest owed.[25]

_____

[24] The Court calculates a per diem amount of $141.78 by multiplying the principal balance ($450,000) by the interest rate (11.5%) and then dividing that number by 365.  There were 586 days between May 24, 2019, the date the Note was executed, and December 30, 2020.  The per diem of $141.78 multiplied by 586 days is $83,083.08.

[25] Moreover, the Court identifies another discrepancy in plaintiff's alleged default interest calculated.  Plaintiff claims that the total interest due is $324,366.06 from March 1, 2020 through July 28, 2022 with per diem interest of $372.41.  Either the $324,366.06 amount or the per diem amount ($372.41) has been miscalculated.  There are 879 days between March 1, 2020 and July 28, 2022.  The alleged total interest amount of $324,366.06 divided by 879 is $369.02, and the alleged per diem amount of $372.41, when multiplied by 879, is $327,348.39.

To the extent plaintiff is seeking an award of damages, including interest, based on defendants' default, the Court directs plaintiff to provide additional explanation and supporting documentation that will allow the Court to verify the balance claimed to be owed by defendants. Accordingly, the Court respectfully recommends that plaintiff's motion for damages in principal and interest be denied without prejudice to allow plaintiff to submit the additional explanation and information discussed above.

Similarly, in his affidavit, Mr. Daniels indicates that Green Mountain has expended certain amounts in legal fees and costs. (Daniels Aff. ¶ 10). However, it is unclear whether plaintiff is requesting an award of fees and costs at this time. If fees and costs are sought, the Court directs plaintiff to submit appropriate authority for awarding these damages and directs the filing of an affidavit of counsel setting forth the rates and invoices for services rendered.

CONCLUSION

Accordingly, the Court respectfully recommends that the plaintiff's motion for a judgment of foreclosure and sale be granted, and that plaintiff's motion for damages, interest, and attorney's fees, if sought, be decided after plaintiff has submitted further information.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: March 6, 2023

Brooklyn, New York

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York