UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
Green Mountain Holdings (Cayman) Ltd.,            :
                                                  :
                                       Plaintiff, :
                                                  :         MEMORANDUM & ORDER
                -against-                         :
                                                  :         21-CV-574 (ENV) (CLP)
La Hacienda Bufeis LLC; MARIA SIMON;              :
HARRY SIMON; "JOHN DOE" and "JANE                 :
DOE," the last two names being fictitious, said   :
parties intended being tenants or occupants, if any, :
having or claiming an interest in, or lien upon, the :
premises described in the complaint,              :
                                                  :
                                     Defendants.  :
-------------------------------------------------------------- x

VITALIANO, D.J.

On February 3, 2021, plaintiff Green Mountain Holdings (Cayman) Ltd. ("Green Mountain") filed this foreclosure action against defendants La Hacienda Bufeis LLC ("La Hacienda"), Maria Simon, Harry Simon, and John and Jane Does who are tenants, occupants, or lienholders of the property located at 41-63 55th Street, Woodside, New York 11377 (collectively, "defendants"). Compl., Dkt. 1. Before the Court is Magistrate Judge Cheryl L. Pollak's Report and Recommendation ("R&R"), recommending that plaintiff's motion for a judgment of foreclosure and sale be granted, and that plaintiff's motion for damages, interest, and attorneys' fees be denied without prejudice. R&R, Dkt. 54. Defendants filed timely written objections to Judge Pollak's R&R on March 20, 2023. Defs.' Obj., Dkt. 27. To date, plaintiff has not filed a response to defendants' objections. After careful consideration, and for the following reasons, defendants' objections are overruled, and the R&R is adopted, with slight modification, as the opinion of the Court.

1

Background[1]

The Court presumes the parties' familiarity with the underlying facts and procedural history of this case, which are only recounted here insofar as they are helpful to understand the R&R and the Court's adoption of it. On May 24, 2019, La Hacienda obtained a $450,000 loan from M&M Private Lending Group ("M&M") in exchange for a non-residential mortgage on its property at 41-63 55th Street, Woodside, New York 11377. Pl.'s 56.1 Stmt., Dkt. 41, ¶¶ 5–7; Defs.' 56.1 Stmt., Dkt. 42, ¶¶ 5–7. Maria Simon and Harry Simon agreed to serve as guarantors. Pl.'s 56.1 Stmt. ¶¶ 9; Defs.' 56.1 Stmt. ¶ 9.

La Hacienda defaulted on the mortgage by failing to remit the payment due on April 1, 2020, as well as all subsequent payments. Pl.'s 56.1 Stmt. ¶¶ 12, 14–15. In their 56.1 Statement, defendants dispute that La Hacienda defaulted on the mortgage and note but offer no evidentiary support for their position. Defs.' 56.1 Stmt. ¶ 12. The absence of evidentiary support is unsurprising, given that defendants admit that La Hacienda did not make the payment due on April 1, 2020, Answer, Dkt. 12, at ¶ 16, and the note clearly states that non-payment constitutes an event of default, Pl.'s Mot., Ex. 4, Dkt. 48-4, at 2.[2] Staking out its claim for relief, Green Mountain contends that M&M transferred the note to it on December 18, 2020, by affixing an allonge[3] to the original note and giving it to Green Mountain. Pl.'s 56.1 Stmt. ¶ 11; Pl.'s Mot, Ex. 4, at 5. Defendants dispute that Green Mountain physically possessed the note and allonge at the time it

---

[1] The facts are drawn from the parties' Rule 56.1 Statements, and unless otherwise noted, are not disputed.

[2] All citations to pages refer to the Electronic Case Filing System ("ECF") pagination.

[3] "An allonge is a document attached to a negotiable instrument to provide space for additional endorsements when the original document no longer has room for endorsements." *Wells Fargo Bank, N.A. v. 390 Park Ave. Assocs., LLC,* No. 16-CV-9112 (LGS), 2018 WL 4373996, at *1 (S.D.N.Y. Sept. 12, 2018).

filed the complaint, Def. 56.1 Stmt. ¶ 11, and Green Mountain does not specify how the allonge was affixed to the note. That same day, M&M also assigned the mortgage to Green Mountain, and the mortgage and assignment reference the note. Pl.'s Mot., Ex. 5, Dkt. 48-5, at 1–3, 7–9, 11, 13–15, 18.

Green Mountain filed its motion for summary judgment on August 19, 2022. Pl.'s Mot., Dkt. 48. Consistent with the Court's bundling rule, Green Mountain filed defendants' opposition, which consisted of an attorney declaration in opposition to summary judgment, a printout of the docket, a copy of defendants' answer, and various other letters and orders that have been filed in this case. Defs.' Opp., Dkt. 49. Notably, defendants did not submit a memorandum of law or an affidavit in opposition from any named defendant. In defendants' objections to the R&R, filed over seven months after its opposition was docketed, defendants' counsel claims that he only noticed this oversight after Judge Pollak filed her R&R. Defs.' Obj. at 6–7.

## Standard of Review

Summary judgment shall be granted in the absence of a genuine dispute as to any material fact and upon the movant's showing that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[A] fact is material if it 'might affect the outcome of the suit under the governing law.'" *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of the City of New York*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)).

The movant carries the burden of demonstrating there is no genuine dispute as to any material fact, *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), and the motion court will resolve all ambiguities and draw all permissible factual inferences in the light most favorable

3

to the party opposing the motion, *see Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

A motion for summary judgment may be referred to a magistrate judge for report and recommendation. Upon receiving the R&R from the magistrate judge, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any objection, the district court need only be satisfied that there is no clear error on the face of the record. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195, 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

However, a district judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *N.Y.C. Dist. Council of Carpenters*, 335 F. Supp. 3d at 351. Conversely, but to the same effect, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *Id.* (citation omitted).

4

Discussion

Defendants' lodge three objections to Judge Pollak's R&R. First, and this is more in the nature of a re-start, defendants attach a memorandum of law and argue that the Court should now consider it with respect to all of their objections, even though it was not provided to Judge Pollak. Defs.' Obj. at 7–11. Second, defendants object to Judge Pollak's conclusion that Green Mountain has standing to foreclose, attacking her conclusion that the allonge effectively transferred an enforceable interest to Green Mountain. *Id.* at 11–13. Third, defendants argue that no reasonable jury could conclude that defendants defaulted on the note because Green Mountain has adduced only inadmissible hearsay in support of its motion. *Id.* at 13–14.

Taking the arguments in turn, Judge Pollak correctly pointed out that defendants' failure to submit a memorandum of law violated Local Rules 7.1(a)(2) and (3). Defendants' reliance on Federal Rule of Civil Procedure 60(b) and New York law on vacating a default is inapposite. Defendants' counsel admits that he both failed to ensure that he sent the correct documents to plaintiff's counsel and that his clients' opposition papers were properly docketed. The Court will not consider materials that were not, but could have been, provided to Judge Pollak. And even if the Court were to consider the defendants' untimely submission, it would make no difference. In her R&R, Judge Pollak carefully evaluated each of the twelve affirmative defenses defendants raised in their answer, rejecting virtually all of the argument that defendants make in their tardy opposition papers. R&R at 16–25.

Next, defendants' fixation on the allonge is fruitless. To start, defendants did not make their allonge-based arguments to Judge Pollak, and consequently, they need not be considered. But even if defendants' allonge arguments were meritorious, they would secure a hollow victory. Judge Pollak concluded that Green Mountain had standing because it physically possessed the note

5

and affixed allonge.  This is a sufficient, but not necessary, pathway to establish a plaintiff's standing to foreclose—"to establish standing to foreclose, the plaintiff need only prove that 'it was *either* the holder or assignee of the underlying note' when the action was commenced." *Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, 2022 WL 2657166, at *6 (S.D.N.Y. July 8, 2022) (quoting *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019)).  Thus, even if an allonge is defective, a plaintiff can show that they have standing to foreclose if they produce a mortgage assignment that references the underlying note.  *Kairos Credit Strategies Operating P'ship, LP v. Friars Nat'l Ass'n, Inc.*, No. 23-CV-2960 (AS), 2023 WL 8602827, at *3–4 (S.D.N.Y. Dec. 12, 2023).  Here, Green Mountain has done just that—along with its motion for summary judgment, Green Mountain submitted a copy of the mortgage and notarized assignment, both of which reference the underlying note.  *See* Pl.'s Mot., Ex. 5, at 1–3, 7–9, 11, 13–15, 18. Defendants' objections therefore do nothing to disturb Judge Pollak's conclusion that Green Mountain has standing to enforce the note.

Finally, defendants contend that Judge Pollak erred by relying on the affidavit of Steven Daniels, Green Mountain's Vice President, to determine that La Hacienda defaulted on the mortgage.  Specifically, defendants aver that no reasonable jury could rely on the affidavit to determine that La Hacienda defaulted on the mortgage because Daniels's affidavit is inadmissible hearsay; instead, defendants contend that Green Mountain must supply the business records establishing default to secure summary judgment.  But in the summary judgment context, courts in this circuit have routinely rejected this argument because "affiants 'may [] testify to the contents of records they have reviewed in their official capacities.'"  *Avail 1 LLC v. Varlas*, No. 19-CV-1922 (KAM) (CLP), 2023 WL 4373540, at *6 (E.D.N.Y. July 6, 2023) (collecting cases) (quoting *Fletcher v. Standard Fire Ins. Co.*, 80 F. Supp. 3d 386, 394 (E.D.N.Y. 2015)); *see also Broome*

*Lender LLC v. Empire Broome LLC*, 220 App. Div. 3d 611, 611 197 N.Y.S.3d 208, 208–09 (1st Dep't 2023) ("Plaintiffs also established [defendant's] default by furnishing . . . the affidavit of their agent, who set forth that his personal knowledge of [defendant's] default and continuing failure to cure the default was based on his review of plaintiffs' records maintained in the ordinary course of business.").[4]

Truly, Green Mountain did not need Daniels's affidavit. Once it had established that it was the valid assignee of the mortgage, defendants supplied all that was needed to establish their default. In their answer, they admit that La Hacienda failed to remit the payment due on April 1, 2020. Answer ¶ 16. That response constitutes a "formal judicial admission, conclusive against defendant in a motion for summary judgment." *Bank of Am., N.A. v. Farley*, No. 00-CV-9346 (DC), 2002 WL 5586, at *6 (S.D.N.Y. Jan. 2, 2002) (cleaned up). And the note is clear that any non-payment is an event of default. Pl.'s Mot., Ex. 4, at 2. Accordingly, this objection, like the others, fails.

While plaintiff has established defendants' liability, no party filed an objection to Judge Pollak's findings and recommendation that Green Mountain's request for damages, interest, and attorney's fees be denied without prejudice. That portion of the R&R is adopted on clear error review. *See Dafeng*, 54 F. Supp. 3d at 283. However, because the Court is unable to verify the principal balance and interest owed to plaintiff, "the [C]ourt is unable to order . . . judgment of foreclosure and sale." *See Toiny LLC v. Lindsay*, No. 15-CV-7014 (KAM) (RLM), 2017 WL 11724154, at *4 (E.D.N.Y. Mar. 30, 2017). If plaintiff wishes to secure a judgment of foreclosure

---

[4] Defendants' argument, which they raise in their untimely opposition papers, that Daniels' affidavit does not satisfy 28 U.S.C. § 1746's requirement that the document be submitted under the penalty of perjury is meritless. Right above the signature block, Daniels "declare[d] under penalty of perjury that the foregoing is true and correct," just as § 1746 requires. *See* Pl.'s Mot., Ex. 2, Dkt. 48-2, at 3.

7

and sale, it must address the discrepancies Judge Pollak identified in her R&R, and it shall have the opportunity to do so.

## Conclusion

For the foregoing reasons, the Court overrules defendants' objections. Plaintiff's motion is granted in part, as it has successfully established defendants' liability; however, plaintiff's motions for judgment of foreclosure, damages, interest, and attorney's fees are denied without prejudice. Plaintiff may renew its requests for entry of a judgment of foreclosure and sale, damages, interest, and attorney's fees by submitting: (1) briefing and supporting documentation regarding the requested damages, interest, and attorney's fees; and (2) a proposed judgement of foreclosure and sale. Defendants may file oppositions to plaintiff's submissions within 14 days of the date those submissions are filed. Should plaintiff elect to make such filings and renew its motion, that motion will be referred to Judge Pollak for her consideration.

So Ordered.

Dated:   Brooklyn, New York

April 30, 2024

/s/ *Eric N. Vitaliano*
ERIC N. VITALIANO
United States District Judge

8